LACY v. McCAFFERTY, County Treasurer, et al.

(Circuit Court of Appeals, Eighth Circuit. June 2, 1914.)

No. 3944.

1. TAXATION (§ 608*)—ASSESSMENT—RELIEF IN EQUITY.

The assessment of the property of national banks at its full value while other classes of property are assessed at only 60 per cent. of their fair cash value, though in violation of Rev. St. § 5219 (U. S. Comp. St. 1901, p. 3502); Const. Okl. art. 10, §§ 5, 8, and Comp. Laws Okl. 1909, § 7580, does not entitle a national bank to relief in equity unless it appears that the erroneous valuation was not made accidentally or inadvertently with respect to a single piece or kind of property, but systematically and intentionally with respect to one or more classes of property with the intention of imposing upon such class an undue burden of taxation.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1230–1241; Dec. Dig. § 608.*]

2. APPEAL AND ERROR (§ 1009*)—REVIEW—QUESTIONS OF FACT.

In a suit to restrain the collection of a tax, the trial judge's finding that the assessment of complainant's property at a greater percentage of its value than other property was not intentional but due to an error of

---

[2] Judge Ray's expression in Prest-O-Lite Co. v. Avery Light Co. (C. C.) 161 Fed. at page 650.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

judgment, would not be disturbed unless clearly erroneous, in view of his superior knowledge of the local conditions prevailing in his district and of the character, standing, and credibility of resident witnesses.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3970–3978; Dec. Dig. § 1009.*]

Appeal from the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Suit by Don Lacy, Liquidating Agent of Oklahoma City National Bank, against Charles McCafferty, as County Treasurer of Oklahoma County, Okl., and others. From a decree dismissing the bill, complainant appeals. Affirmed.

W. F. Wilson, John Tomerlin, and E. E. Buckholts, all of Oklahoma City, Okl., for appellant.

D. K. Pope, of Oklahoma City, Okl., and George F. Zimmerman, of Guthrie, Okl., for appellees.

Before HOOK, ADAMS, and SMITH, Circuit Judges.

ADAMS, Circuit Judge. This was a suit brought by the Oklahoma City National Bank by Don Lacy, its liquidating agent, to enjoin the treasurer and sheriff of Oklahoma county from taking the necessary steps for collecting certain taxes assessed against the bank by the assessor and board of equalization of Oklahoma City located in that county. The bill charges that notwithstanding the constitutional requirement of the state of Oklahoma that the property should be assessed for the purposes of taxation at its fair cash value the assessor and board of equalization of that city intentionally and systematically undervalued, for the purposes of taxation for the year 1910, a large amount of taxable property within the city such as merchandise, real estate, horses, cattle, credits, moneys, automobiles, etc., assessing the same at not over 60 per cent. of their actual fair cash value while they valued and assessed the property of complainant and other national banks including their capital and surplus, at their full cash value; that the result of such action was to compel the complainant and other national banks to bear an unjust proportion of the burden of taxation for that year and to create an unjust and intentional discrimination against them in favor of other property; that the defendants, the county treasurer and sheriff, threaten to collect from the complainant the sum of $2,686.53 whereas if its property had been assessed as other property was the amount justly collectible from complainant would have been $1,611.92 only. This amount complainant alleges it is willing and ready to pay and it prays for an injunction restraining the defendants from enforcing the payment of any further sum. The answer of the defendants admits most of the allegations of the bill, but denies specifically that there was any intentional or systematic undervaluation of the large amount of taxable property in the city of Oklahoma City, as alleged by the complainant, and denies that it assessed the property of the complainant or other national bank at its full face value as so alleged. The replication being duly filed the cause was submitted to the court for final

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

decree upon the proofs adduced. The court dismissed the bill and complainant appeals.

[1] The Constitution of the state of Oklahoma, section 5, art. 10, ordains that taxes shall be uniform upon the same class of subjects. Section 8 of the same article ordains that all property which may be taxed ad valorem shall be assessed for taxation at its fair cash value, estimated at the price it would bring at a fair voluntary sale. Section 7580 of Snyder's Compiled Laws of Oklahoma, 1909, provides that every bank located within this state—

"whether such bank has been organized under the banking laws of this state, or of any other territory or state or of the United States, shall be assessed and taxed on the value of their shares of stock therein in the county, town, district, village or city, where such bank or banking association is located, and not elsewhere, * * * subject however, to the restriction that taxation of such shares shall not be at a greater rate than is assessed upon any other moneyed capital in the hands of individual citizens of this state." * * *

Section 5219 of the Revised Statutes of the United States provides among other things that:

"The Legislature of each state may determine and direct the manner and place of taxing all the shares of national banking associations located within the state, subject only to two restrictions, that the taxation shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such state." * * *.

From these various provisions of applicatory law it is manifest that if complainant's property and other property of its kind was assessed for the purposes of taxation at a greater rate than the property of other corporations and individual citizens was assessed, it was in contravention of the constitutional and statutory law of the state and of the United States and of course was unlawful, but that fact in itself would not entitle complainant to resort to a court of equity to secure relief; it must further appear that the assessing officers made the erroneous valuation not accidentally or inadvertently with respect to a single piece or kind of property, but systematically and intentionally with respect to one or more classes of property, with the intention of imposing upon that class of property an undue burden of taxation. Cummings v. National Bank, 101 U. S. 153, 25 L. Ed. 903; Pittsburgh, etc., Railway Co. v. Backus, 154 U. S. 421, 14 Sup. Ct. 1114, 38 L. Ed. 1031; Coulter v. Louisville & Nashville R. R. Co., 196 U. S. 599, 25 Sup. Ct. 342, 49 L. Ed. 615; Raymond v. Chicago Traction Co., 207 U. S. 20, 28 Sup. Ct. 7, 52 L. Ed. 78, 12 Ann. Cas. 757; Taylor v. Louisville & N. R. Co., 31 C. C. A. 537, 88 Fed. 350.

The doctrine was concisely and comprehensively stated by this court in the case of Atchison, T. & S. F. Ry. Co. v. Sullivan, 97 C. C. A. 1, 6, 173 Fed. 456, 461, thus:

"A systematic and intentional under or over assessment of one or more classes of property in violation of the law, whereby one or more classes of property is to be made to bear an undue proportion of the burden of taxation, presents a good cause of action for relief from the payment of the unjust part of the proposed tax."

[2] In recognition of this established principle of law the pleadings in this case tendered the simple and controlling issue of fact, whether there was such a systematic and intentional undervaluation of the property specified. The court below heard the conflicting evidence produced by the parties and after a critical analysis of it stated its conclusion thus:

"As to the under assessment of a large portion of the property in Oklahoma City for the year 1910, the evidence adduced preponderates in favor of the plaintiff. Nevertheless, this court is not convinced from the proof that this was intentional on the part of the officers charged with the difficult and responsible duty of valuing the property, but is persuaded and will find that so far as the under assessments are here subject to complaint, they proceed in general from error of judgment. Besides, the evidence discloses no agreement or concert among the officers to depart from the requirements of the law, nor any system or rule of scaling values of property below fair cash worth."

By reason of his superior knowledge of the local conditions prevailing in his district and of the character, standing, and credibility of resident witnesses whose testimony he heard, the learned trial judge was peculiarly fitted to pass on a controverted issue of fact like that presented in this record, and we should hesitate to overrule his judgment except in the case where error most clearly appears. In the case of Blank v. Aronson, 109 C. C. A. 327, 330, 187 Fed. 241, 244, we stated the rule thus:

"It is the settled law of this court that where a chancellor has considered conflicting evidence and made his findings of fact and decree thereon they will be treated as presumptively correct, and will not be disturbed, unless an obvious error has intervened in the application of the law, or some serious mistake has been made in the consideration of the evidence."

See, also, to the same effect, Thallman v. Thomas, 49 C. C. A. 317, 111 Fed. 277; Hussey v. Richardson-Roberts Dry Goods Co., 78 C. C. A. 370, 148 Fed. 598, 602, and cases cited.

Moreover, a wise public policy most obviously demands that the discharge of duty by administrative officers charged with the responsibility of providing necessary revenue for the support of government ought not to be interfered with on any doubtful showing of error on their part, but only when wrongful, illegal and injurious conduct is made clearly to appear.

Tested by the foregoing rules the decree of the District Court must be affirmed.