## MUDGE et al. v. McDOUGAL, Tax Collector.

(District Court, E. D. Arkansas, E. D.　April 29, 1915.)

1. TAXATION ⬠608,—REMEDIES FOR WRONGFUL ENFORCEMENT—INJUNCTION.

   Kirby's Dig. Ark. § 7180, providing for the recovery of taxes erroneously assessed, not referring to overvaluation of the property taxed, but only to jurisdictional defects, and being a less adequate remedy than an injunction, does not provide such an adequate remedy at law as will preclude enjoining the collection of a tax based upon a systematic overvaluation of railroad property.

   [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1230–1241; Dec. Dig. ⬠608.]

2. TAXATION ⬠608—COLLECTION—REMEDIES FOR WRONGFUL ENFORCEMENT—INJUNCTION.

   A court of equity may enjoin the collection of a tax based upon a systematic overvaluation of railroad property, both by general law and especially in view of Const. Ark. art. 16, § 13, and Kirby's Dig. Ark. § 3966, providing that an injunction may be granted to restrain illegal tax assessments.

   [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1230–1241; Dec. Dig. ⬠608.]

3. COURTS ⬠371—FEDERAL COURTS—ENFORCEMENT OF RIGHTS UNDER STATE LAWS.

   Where a state statute creates or provides a new right cognizable in equity, the national courts will enforce it.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 907, 972–976; Dec. Dig. ⬠371.]

---

⬠For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. TAXATION ⊂⇒476—ASSESSMENTS—BOARDS OF EQUALIZATION.

Where a state statute limited the session of county boards of equalization to the period between the second Monday in September, and the meeting of the county court on the fourth Monday in October of each year, a board of equalization became functus officio after such date, and could not thereafter reduce assessments of property in the county.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 845–849; Dec. Dig. ⊂⇒476.]

5. TAXATION ⊂⇒608—LEVY AND ASSESSMENT—DISCRIMINATION.

Where the Arkansas tax commission had assessed the property of railroad corporations on a basis of 50 per cent. of their actual value in conformity with the customary assessments upon all other property, a reduction by a county board of equalization in the assessments on all the property in the county, except that of the railroads, of 50 per cent., and the issuance of a warrant to the collector authorizing him to collect on that basis, while the taxes charged to the railroads remained as before, was a discrimination, authorizing an injunction against collecting the tax.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1230–1241; Dec. Dig. ⊂⇒608.]

6. TAXATION ⊂⇒468—ASSESSMENT—REDUCTION.

Under Kirby's Dig. Ark. §§ 6899, 6906, requiring all taxable property to be listed and valued as of June 1st of each year, a county board of equalization cannot reduce assessments on the ground of depreciation in value of property subsequent to that date.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 837; Dec. Dig. ⊂⇒468.]

7. TAXATION ⊂⇒611—COLLECTION—INJUNCTION—RAILROAD PROPERTY.

That Laws Ark. 1911, p. 233, approved May 4, 1911, requires the property of railroads in the state, excepting buildings and side tracks, to be assessed as a unit, was no obstacle to an injunction against the collection of a tax by a county tax collector, based upon an assessment of the property of a railroad at 50 per cent. of its actual value, while all other property in the county was assessed at 25 per cent. of its actual value.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1242, 1245–1257; Dec. Dig. ⊂⇒611.]

In Equity. Bill for injunction by Henry U. Mudge and Jacob M. Dickinson, receivers of the Chicago, Rock Island & Pacific Railway Company, against J. F. McDougal, Tax Collector of St. Francis County, State of Arkansas. On application for temporary injunction. Injunction granted.

The plaintiffs seek by this proceeding to enjoin the defendant, as tax collector of St. Francis county, state of Arkansas, from collecting or attempting to collect taxes on the property of the railway company on a basis of more than 50 per cent. of the assessment as shown upon the tax books. The allegations in the bill are that under the laws of the state of Arkansas a commission, known as the Arkansas tax commission, exists, whose duty it is to ascertain each year the value of all property of railroads and other corporations, including, so far as railroads are concerned, tracks, rolling stock, water and wood stations, passenger and freight depots, offices, furniture, and all other property, real and personal, owned by each railroad running through or in the state of Arkansas; that after ascertaining the value of such property the commission is directed to appraise the same, and before the 1st day of September each year to certify to the assessor of each county in which said railroad is located the value of so much of said railroad tracks and other property as is located in that county, whereupon the assessor of each county is required to list and assess the railroad property in said county in accordance with the certificate of the tax commission; that on or about the 1st day

of September, 1914, the Arkansas tax commission, acting under and in pursuance of the authority of law, ascertained the value of the railroad property of the plaintiffs located in St. Francis county to be $2,279,358; that at and prior to the time of making and certifying out said assessment by the tax commission it had been the custom of the assessor of St. Francis county, as well as the assessors of all other counties in the state, to assess all property other than railroad property, for the purpose of taxation, at 50 per cent. of its actual value, and the tax commission therefore made the assessment of plaintiff's railroad property for the year 1914 at 50 per cent. of its actual value, and certified the same to the proper officer of St. Francis county as of the value of $1,139,679 for said county, and the property was thereupon placed by the assessor of said county upon the assessment books of said county at said sum of $1,139,679; that after the assessment had been certified by the Arkansas tax commission, and extended upon the tax books of St. Francis county, the board of equalization of said county on the 28th day of October, 1914, directed the county clerk of said county to make a reduction of 50 per cent. in the assessment of all property of St. Francis county, real and personal, except that of railroads and all other corporations, which were assessed by the state tax commission, which said reduction was by the county court of said county approved, and thereupon the county clerk, in making out the tax rolls, carried out the instructions of said board of equalization of St. Francis county, and made the reduction of 50 per cent. in the assessment of all the property of said county except that of railroads and other corporations whose assessment is made by the state tax commission; that as a result of said action of the board of equalization of said county, and of the county clerk in making out the tax books, all the property in said county subject to taxation, except railroad property, is assessed for the year 1914 at not more than 25 per cent. of its actual value, while the property of the plaintiffs in that county is assessed for taxation for the year 1914 at 50 per cent. of its actual value; that said assessment of plaintiffs' property, and the attempted collection of taxes thereon, is in violation of article 16, section 5, of the Constitution of Arkansas, and also section 1 of the fourteenth amendment to the Constitution of the United States; that the defendant, as tax collector, is demanding of the plaintiffs the payment of the taxes in full upon said assessment, and threatens to return the property of plaintiffs as delinquent and subject it to the penalties provided by law; that the plaintiffs are willing and ready to pay all just and legal taxes upon such valuation as may be legal and just and equal and uniform with the valuation placed upon other property in said county; that if it be assessed on a uniform basis with other property in said county it would be assessed at 25 per cent. of its actual value, as ascertained by the Arkansas tax commission, which would be $569,840, and it offers to pay the defendant the full amount of the taxes based upon such valuation.

Thos. S. Buzbee, of Little Rock, Ark., for plaintiffs.
James P. Clarke, of Little Rock, Ark., for defendant.

TRIEBER, District Judge (after stating the facts as above). This cause came on for hearing on the application of the plaintiffs for a temporary injunction, and was heard on the complaint, certified copies of the action of the board of equalization, and the testimony of Hon. F. E. Brown, one of the members of the Arkansas tax commission.

[1] Counsel for the defendant objects to the jurisdiction of this court, sitting as a court of equity, to grant any relief, claiming that there is a complete and adequate remedy at law given by section 7180 of Kirby's Digest. That section provides:

"In case any person has paid or may hereafter pay taxes on any property, real or personal, erroneously assessed, upon satisfactory proof being adduced to the county court of the fact, the said court shall make an order refunding to such person the amount of the county tax so erroneously assessed and paid, and, upon production of a certified copy of such order to the auditor, he shall

draw his warrant on the state treasurer for the amount of state tax erroneously assessed and paid. Such warrant shall be paid out of the appropriation to pay moneys arising from the erroneous assessment and collection of taxes. But in case there shall be no appropriation, or the appropriation shall have been exhausted, then the auditor shall issue a certificate of indebtedness therefor."

This objection is untenable for several reasons. That section, as construed by the Supreme Court of Arkansas, applies only if the erroneous assessment is caused by a defect that is jurisdictional in its nature, and does not refer to the judgment of the assessing officers in fixing the amount of the valuation of the property. As stated in Clay County v. Brown Lumber Co., 90 Ark. 413, 420, 119 S. W. 251, 254:

"If the property paid on was exempt from taxation, or if the property was not located in the county, or if the tax was invalid, or if there was any clear excess of power granted, so as to make the assessment beyond the jurisdiction of the assessing officer or board, then the provisions of Kirby's Digest, § 7180, give the owner a remedy for a refunding of such taxes thus erroneously paid. But a remedy is not given by this section to the party aggrieved by reason only of an excessive assessment or overvaluation of his property."

[2] Aside from this, the Constitution as well as the statutes of Arkansas expressly provide that an injunction may be granted to restrain illegal and unauthorized taxes and assessments by county, city, or other local boards or officers. Section 3966, Kirby's Digest; article 16, § 13, Constitution of Arkansas. The latter provides:

"Any citizen of any county, city or town may institute suit in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of any illegal exactions whatever."

Section 3966 of Kirby's Digest provides:

"The judge of the circuit court may grant injunctions and restraining orders in all cases of illegal or unauthorized taxes and assessments by county, city or other local tribunals, boards or officers."

The Supreme Court of Arkansas, in construing these provisions of the Constitution and statute, has uniformly held that by the provisions thereof chancery courts have the power to inquire into the validity of all taxes and assessments, and to enjoin the collection thereof when found invalid. Vaughan v. Bowie, 30 Ark. 278; Brodie v. McCabe, 33 Ark. 690; Cole v. Blackwell, 38 Ark. 271; St. L. S. W. Ry. Co. v. Kavanaugh, 78 Ark. 468, 96 S. W. 409; Little Rock v. Barton, 33 Ark. 441; Dreyfus v. Boone, 88 Ark. 353, 114 S. W. 718; Merwin v. Fussell, 93 Ark. 336, 124 S. W. 1021.

[3] Where a statute of a state creates a new right, or provides a new right cognizable in equity, the national courts will enforce that right. Cummings v. National Bank, 101 U. S. 153, 157, 25 L. Ed. 903; Darragh v. H. Wetter Mfg. Co., 78 Fed. 7, 23 C. C. A. 609; U. S. Mining Co. v. Lawson, 134 Fed. 769, 67 C. C. A. 587, affirmed 207 U. S. 1, 28 Sup. Ct. 15, 52 L. Ed. 65; Brun v. Mann, 151 Fed. 145, 80 C. C. A. 513, 12 L. R. A. (N. S.) 154. Besides, as stated in Atchison, T. & S. F. Ry. Co. v. Sullivan, 173 Fed. 456, 97 C. C. A. 1, of a statute of Colorado like section 7180:

"But, even if it be conceded that this section is applicable, the remedy is not as adequate as an injunction."

Nor would the rule be different, even in the absence of such provisions as are found in the Constitution and statutes of Arkansas, as has been determined a number of times by the United States Circuit Court of Appeals for this Circuit. In Atchison, T. & S. F. Ry. Co. v. Sullivan, supra, the court said:

"A systematic and intentional under or over assessment of one or more classes of property in violation of the law, whereby one or more classes of property is to be made to bear an undue proportion of the burden of taxation, presents a good cause of action for relief from the payment of the unjust part of the proposed tax."

Numerous authorities are cited to sustain the conclusion reached. This principle was reaffirmed by that court less than a year ago in Wells Fargo & Co. v. Johnson, 214 Fed. 180, 130 C. C. A. 528, and Lacy v. McCafferty, 215 Fed. 352, 354, 131 C. C. A. 494. This is the rule established in Cummings v. National Bank, 101 U. S. 153, 25 L. Ed. 903, and followed since then by all the national courts.

[4] It is next contended that the action of the board of equalization was absolutely void, for the reason that the statute limits the sessions of the county boards of equalization to the period between the second Monday in September and the meeting of the county court on the fourth Monday in October, and any action taken by the board of equalization after that time is absolutely void; that the fourth Monday in October, 1914, was October 26th, and as the action of the board of equalization, reducing the assessment of the property in the county 50 per cent. was taken on October 28th, its action was therefore, it is claimed, a nullity. That the board of equalization had become functus officio before October 28th is the proper construction of the statute. Waters-Pierce Oil Co. v. Roberts, 96 Ark. 92, 131 S. W. 205.

[5] But the allegations in the complaint go further, and allege that in conformity with the action of the board, the county clerk, in making out the tax books, did reduce the assessments on all the property in that county, except that of the railroads, 50 per cent., and the warrant to the collector only authorized him to collect taxes on that basis of valuation, that is, on 25 per cent. of the actual value of the property, while the taxes charged to the plaintiffs' property, and to be collected by the defendant, unless restrained, is on the basis of 50 per cent. of its actual value, a discrimination clearly entitling plaintiffs to relief, if a court has the power to grant it.

[6] It is also claimed on behalf of the defendant that by reason of the conditions in that county and other counties of the state of Arkansas, whose principal product is cotton, the value of property had decreased fully 50 per cent. since the assessment was made by the assessor, which the law requires to be made as of June each year. But as the statutes of the state require all property to be listed and valued as of June 1st each year (sections 6899 and 6906, Kirby's Digest), a depreciation of value at a later date cannot be taken into consideration by the board of equalization. Besides, if the values of all other property of the county, real and personal, decreased to such an extent, is the value of the property of railroads not also affected by it? Evidently the board of equalization was of that opinion, for in the order making the reduction it is stated:

"Except that of the railroads and other corporations which are assessed by the state tax commission, because that commission has sole jurisdiction thereof."

This clearly shows that the only reason the board did not reduce the railroad assessment was that it had no jurisdiction to do it; the state taxing board having exclusive power to assess that species of property.

[7] The most serious objection raised on behalf of the defendant is that the laws of Arkansas require the property of railroads in the state to be assessed as a unit. Act 251, Session Acts of 1911, p. 233, approved May 4, 1911, contains, among other provisions:

"Sec. 12. * * * In valuing the property of every railroad the commission shall take into consideration the entire railroad, whether all or only a part of it is in this state.

"Sec. 13. The commission shall determine in the case of each railroad it assesses the value per mile of the main track, the value per mile of the side track, turnouts, the value of each building and the value of the average stock of materials, including machinery and repair shop stores, timber, ties and rails carried the next year next preceding the year the assessment is made and the value per mile of the rolling stock owned by the road at assessing time. For the purpose of finding the value of the rolling stock of railroads in this state the commission shall take the total value as stated in the schedule of the rolling stock of each of the respective railroads of this State filed and prepared in accordance with the requirements of this act, and divide the same by the number of miles in the entire length of such railroad and the result shall be the value per mile of the rolling stock of such railroad for purposes of taxation, and the value per mile of such rolling stock so ascertained shall be multiplied by the number of miles or fraction of miles thereof lying and being in any county, and the product thereof is the sum to be taxed in such county.

"Sec. 14. The buildings and side tracks of railroads shall be assessed as real estate, and each building or side track shall be assessed in the incorporated town or district where located. Main track shall also be assessed as real estate, and it shall be apportioned for assessment and taxation between the several towns and school districts through which the railroads run according to the actual mileage in each town and district. Rolling stock shall be assessed as personal property, and it shall likewise be apportioned between the several towns and districts through which the railroad runs, according to the actual mileage in each town and district. Materials and stores shall be assessed as personal property in the town or district where located on the first Monday in June the year for which the assessment is made."

"Sec. 18. When the Arkansas tax commission shall have ascertained the value of the property of any railroad as herein provided or of the companies and corporations whose assessment is provided for in section 3 of this act, the valuation shall be entered in detail in a record to be kept by the commission for that purpose. Before the first day of September of each year it shall be the duty of the commission to certify out through its chairman and secretary to the assessor of each county in which any railroad is located, or other company or corporation may be doing business, so much of said value as is located in said county and in the several districts and towns in said county. The assessor shall enter upon the proper records the assessments so certified to him."

"Sec. 20. The return of the railroad companies and other corporations whose assessment is provided for by section 3 of this act, shall not be held to be conclusive as to the value of the property returned, but the Arkansas tax commission may make such assessment of such property as it may deem just and equitable."

It is therefore claimed that to grant the relief asked in the instant case would destroy the unit valuation, and therefore is not permissible. While the railroad property is required to be assessed as a unit, the

buildings and side tracks are required to be assessed in the incorporated town or district where located, as provided by section 14 of the act.

The laws of Colorado on this subject are practically the same as those of Arkansas. The state board of equalization is required to assess the railroad property of each railroad in the state as a unit, and to apportion the assessment to the counties of the state on a mileage basis. The assessor of each county is required to assess other taxable property in his county, and these two assessments are placed upon the tax list and subjected to the same levies. These Colorado statutes were construed in Atchison, T. & S. F. Ry. Co. v. Sullivan, supra, which is precisely in point, as the facts were practically the same as in the case at bar, that while the state board assessed the property of the complaining railway company at 55 per cent. of its value, the assessor of Bent county assessed other taxable property in that county at not more than 25 per cent. of its actual value, and also omitted from his assessment considerable taxable property in that county, with the knowledge and consent of the other county officials; that he did so pursuant to a rule adopted by the county officers, and did so systematically and intentionally. It was held that this was an unjust discrimination in taxation against the property of the complainant, and for that reason the railroad company was entitled to an injunction against the collection of the taxes in that county, enjoining the collection of that portion of the tax which resulted from the illegal discrimination. The opinion in that case was delivered by Judge Sanborn and covers the subject so fully that but little need be added.

In Chicago, B. & Q. Ry. Co. v. Board of Commissioners of Atchison County, 54 Kan. 789, 39 Pac. 1039, the identical question was before the Supreme Court of Kansas, the statutes of that state governing assessments being practically the same as those of this state, and the same conclusion reached as in Atchison, T. & S. F. Ry. Co. v. Sullivan. The court said:

"We do not think the courts are powerless to prevent such a gross discrimination in the assessment and taxation of property as is shown in this case, where one class of property is assessed and taxed at its actual value, and all the other property in the same county is assessed and taxed at only 25 per cent. of its value. The rule favored in this case permits the state and the county to collect from the plaintiff its just share of the public burden, and prevents the unfortunate consequences which would result if all the taxes levied were declared void. Upon payment to the county treasurer of the taxes tendered, or their deposit into the District Court for his use, the plaintiff will be entitled, * * * to an injunction to restrain the collection of the illegal excess of the taxes levied."

To the same effect are Taylor v. Louisville & Nashville Ry. Co., 88 Fed. 350, 31 C. C. A. 537; Central R. R. Co. v. Mayor, etc., of Jersey City (D. C.) 199 Fed. 237, affirmed 212 Fed. 76, 128 C. C. A. 532; Louisville & Nashville Ry. Co. v. Bosworth (D. C.) 209 Fed. 380.

If the contention of the learned counsel for the defendant were sustained, it would be in the power of the taxing officers of the state to discriminate against railroad companies in spite of the constitutional provision of Arkansas that:

"All property subject to taxation shall be taxed according to its value, that value to be ascertained in such manner as the General Assembly shall direct,

making the same equal and uniform throughout the state. No one species of property from which a tax may be collected shall be taxed higher than another species of property of equal value." Article 16, § 5, Constitution of Arkansas.

For if it is within the power of the assessing officers of one county to do so, why may not every county through which this railroad or any other runs pursue the same course, and thus place upon all the property of the railroad companies twice as great a burden of taxes as upon other property in the same county? That this may not be done has been expressly decided in Ex parte Ft. Smith & Van Buren Bridge Co., 62 Ark. 461, 36 S. W. 1060. In that case it was held:

"The real property of Crawford county, with few exceptions, was assessed, it appears, for 1895, at one-half its market value. The bridge of appellants was one of the exceptions. The board refused relief against this wrong, and its owner appealed to the county court. Was it entitled to relief? It may be said that, inasmuch as its property was not assessed above its true value, it had no right to complain. But this is not true. It had the right to demand that no unequal burden be imposed upon it by taxation. * * * The Constitution provides that this burden shall be apportioned among them according to the value of their property, to be ascertained as directed by law. When, therefore, the property of a few is taxed according to its value, and of all others at one-half its value, then the few are required to contribute double their portion of the burden. This is manifestly a wrong, and justice demands that it be redressed, whenever it can be done conformably to the laws."

In the instant case this reduction of assessment was made, not only of the real estate in the county, but all property subject to taxation, except the property not within the jurisdiction of the board of equalization. The undisputed facts in this case show that all the property of St. Francis county, except that of railroads, was assessed at 25 per cent. of its value, while that of plaintiffs was assessed at 50 per cent. of its value, thus throwing upon it a burden twice as great as upon the property of others.

The plaintiffs are entitled to a temporary injunction, to be granted upon condition that they pay all the taxes due upon an assessment of 50 per cent. of that made by the Arkansas tax commission, and the execution of an injunction bond.