## ARKANSAS ANTHRACITE COAL & LAND CO. v. STOKES.

(Circuit Court of Appeals, Eighth Circuit. January 3, 1922. Rehearing Denied March 4, 1922.)

No. 5576.

1. **Appeal and error ⊂⊃1008(1)—Judgment at law not reversed for error in the findings.**

    If an action was wholly triable at law, no reversal would be authorized for any error of fact in the findings of the trial court.

2. **Appeal and error ⊂⊃269(1)—Sufficiency of evidence to sustain findings not open to review, when no request made or exception taken.**

    Where defendant made no request for findings or for any declaration of law in his favor, and saved no other exception and took no other step prior to rendition of the judgment, the question of law as to the sufficiency of the evidence to sustain the findings is not open to review; it being too late, after the rendition of the judgment, to take exception to rulings of the court on the issues tried.

3. **Appeal and error ⊂⊃733—Assignment that there was error in rendering judgment too indefinite for consideration.**

    A general assignment, that there was error in rendering judgment one way or the other, is too indefinite for consideration on appeal.

4. **New trial ⊂⊃6—Denial is within court's discretion.**

    The denial of a motion for a new trial was a matter within the judicial discretion of the District Court.

5. **Frauds, statute of ⊂⊃72(1)—Lessor's oral agreement to waive royalties and convey property not enforceable, unless executed so as to be susceptible of proof.**

    Oral agreements by the lessor under mining leases to waive royalties and convey one of the mines could not be enforced, unless so far executed as to be susceptible of proof, as they involved an interest in real property.

6. **Pleading ⊂⊃8(7)—Allegation that oral agreement had been executed held a conclusion.**

    In an action for royalties under a mining lease, in which defendant set up oral agreements by the lessor to waive royalties and convey one of the mines involved, an allegation that the agreement had been executed by defendants, but not by plaintiff was a mere conclusion.

7. **Frauds, statute of ⊂⊃129(8)—Payment and possession under oral agreements by mine lessor warrants enforcement.**

    Payment and possession pursuant to oral agreements by the lessor under mining leases to waive royalties and convey one of the mines would be sufficient to authorize enforcement, but possession under the leases antedating the agreements alleged would be attributed to the operating privileges.

8. **Account ⊂⊃14—Justified when numerous transactions cannot be practically determined at law, or if remedy at law inadequate.**

    If a suit involves numerous transactions, including debits and credits of a mutual and complicated nature, and cannot be practically determined by a jury, or the remedy at law is inadequate, an accounting is justified.

9. **Appeal and error ⊂⊃1046(1)—Refusal to transfer cause to equity side of court not reversible error.**

    Under Judicial Code, § 274b (Comp. St. § 1251b), authorizing equitable defenses to be interposed in actions at law, and providing that, whether review be sought by writ of error or appeal, the appellate court shall have full power to render such judgment as law and justice shall

require, defendant was not prejudiced by the refusal to formally transfer a case in which equitable defenses were interposed to the equity side of the court, where it was given the same opportunity to produce its evidence and have an adjudication upon it as if the transfer had been made.

10. Action ⊚⇒22—Action for royalties under leases held properly triable at law.

An action for the minimum royalties under a mining lease in which defendant set up agreements to waive royalties and convey one of the mines, payments and suspension of mining, due to strikes or other casualty, *held* properly triable at law, when the irrelevant evidence respecting such oral agreements and matters not in issue was eliminated.

11. Appeal and error ⊚⇒931(1), 1009(1)—Finding in suit in equity presumptively correct, and not disturbed, unless clear.

Assuming that a case was one in equity and that the facts are open to review, the findings are presumptively correct, and should not be disturbed, unless error clearly appears.

In Error to the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Action by Fremont Stokes against the Arkansas Anthracite Coal & Land Company and another. Judgment for plaintiff, and the defendant named brings error. Affirmed.

James B. McDonough, of Ft. Smith, Ark., for plaintiff in error.

Ben Cravens and Ira D. Oglesby, both of Fort Smith, Ark., and George O. Patterson, of Clarksville, Ark., for defendant in error.

Before HOOK, Circuit Judge, and COTTERAL and JOHNSON, District Judges.

COTTERAL, District Judge. This action was brought at law by Fremont Stokes to recover royalties upon coal mining leases, alleged to have been made to the Pennsylvania Mining Company, assigned to the defendant Arkansas Anthracite Coal & Land Company, and operated with the other defendant, Fernwood Mining Company. The last-named defendant prevailed in the District Court. A jury was waived, and the cause was tried to the court, with the result that the issues were found generally in plaintiff's favor, and he obtained judgment against the coal and land company for $14,649.39, with interest and costs.

The assignments upon which a reversal is sought are, in substance, that the trial court erred in (1) refusing to transfer the case to the equity docket; (2) awarding royalty with interest to plaintiff, and not deducting therefrom certain payments and credits; (3) failing to enter a decree for a conveyance of mine 1 and a waiver of royalties at mine 2; (4) failing to award the defendant considerations paid for said conveyance and waiver; (5) allowing royalty on occasion of strikes and water in mines; (6) denying motions for a new trial and rehearing.

At the conclusion of the trial the cause was submitted generally to the court. Later the defendants filed a motion to reopen the case for the introduction of further testimony, and this motion, with an amendment thereto, was denied, and they excepted. They made no request for findings, or for any declaration of law in their favor, saved no other

exception, and took no other step prior to rendition of judgment. Thereafter separate motions for a new trial and a rehearing were filed, heard, and overruled.

[1-4] If this action was wholly triable at law, then no reversal could be authorized for any error of fact in the findings of the trial court, and on this record the question of law, as to the sufficiency of the evidence to sustain the findings made, was not saved, and is not open to review. Wear v. Imperial Window Glass Co., 224 Fed. 60, 139 C. C. A. 622; United States v. A., T. & S. F. Ry. Co. (C. C. A.) 270 Fed. 1. After the rendition of judgment, it was too late to take exceptions to rulings of the court on the issues tried; and a general assignment that there was error in rendering judgment one way or the other is too indefinite for our consideration. United States v. A., T. & S. F. Ry. Co., supra; Stoffregen v. Moore (C. C. A.) 271 Fed. 680; Granite Falls Bank v. Keyes, 277 Fed. 796. Furthermore, the ruling on the motion for a new trial was a matter within the judicial discretion of the District Court. Yellow Cab Co. v. Earle, 275 Fed. 928.

In our opinion, these authorities dispose of every specification of error adversely to the plaintiff in error, except the refusal of the District Court to transfer the cause to the equity docket and to sustain the alleged equitable defenses tendered in the answer and amendments. The complaint specified the demands claimed on leases, one of them verbal, by an exhibit of royalties accruing on four tracts and a lesser item for rent. The defendants answered, denying the execution and validity of the verbal lease, the assignments and possession of the leases, and the operation of the mines, alleging that the matters in controversy related to an accounting between the parties and James K. Gearhart, and were wholly cognizable in equity, and that the suit involved innumerable credits, debits, and transactions between them, and praying for a transfer of the cause to equity.

The plaintiff's exhibit was amended to show six items of royalties, one for rent and another for interest. At the trial, nonsuits were taken for the first two and sixth items, and those retained were for (3) minimum royalty on land of plaintiff, Gearhart, and defendant, from March 31, 1915, to December 31, 1918 (less a credit); (4) interest thereon; and (5) minimum royalty, "No. 2 shaft," from March 31, 1914, to December 31, 1918. Those tracts were known as mines 1 and 2, respectively.

The defendants filed an amendment to their answer, in which they again moved for the transfer to equity. They denied owing items 1 and 2, and alleged payment of the royalties by numerous transactions, etc., which required an accounting. They claimed payment of royalty on item 3 (mine 1), by a system of accounting, including credits and debits, beginning prior to 1909, and extending to date, consisting of innumerable items evidenced by oral and written agreements, checks, and letters, not triable in a court of law. As to "No. 2 shaft" (mine 2), the same allegations were adopted, and it was alleged that plaintiff had received all the royalties due him, the matter being determinable only by an accounting, and for a valuable consideration had waived the royalties. Payment of the royalty on item 6 was claimed by means of

innumerable transactions of debit and credit. Further, it was alleged, the defendant agreed, in part orally, to convey his interest in mine 1 to the defendant, in consideration of large payments made during a long period; that the agreement had been executed by said defendant and the operating companies, but not by the plaintiff. The prayer was that a conveyance be required of him, and the cause transferred to and tried in equity.

By a second amendment to the answer the defendants alleged that said agreements to waive royalties and make the conveyance were oral, and were made in January, 1915, and twice later reaffirmed, and they renewed former prayers for relief. They filed another amendment, alleging that the agreement of waiver was oral, and effective until mine 2 was put in operation, and thereafter the royalties were to be payable on coal produced, and the plaintiff expressly waived all royalties at mine 1. The considerations paid therefor were specified, and the former prayers again renewed.

After demurring unsuccessfully to the answer and amendments, the plaintiff filed a reply, whereby he denied the alleged agreements to waive royalties and make a conveyance, and the payment therefor, and challenged the validity of the agreements because not in writing.

[5-7] It is apparent from the pleadings that the plaintiff in error was not entitled to a hearing in equity upon the alleged agreements of waiver and for the conveyance. As they involved an interest in real property (United States v. Noble, 237 U. S. 74, 35 Sup. Ct. 532, 59 L. Ed. 844), and were concededly oral, they could not be enforced, unless so far executed as to be susceptible of proof. True, the defendant alleged payment of the consideration and execution of the agreements by the companies, but the latter was only as a mere conclusion. Both payment and possession pursuant to agreement would suffice. 36 Cyc. 654, and citations. But in this case the possession of the defendant antedated the agreements alleged, and was attributable only to the operating privileges. Nevertheless, and doubtless on the theory of execution of the agreements, the trial court received the evidence on both sides concerning them.

[8] The necessary basis for the accounting was that there were numerous transactions, including debits and credits, of a mutual and complicated nature. If here they could not be practically determined by a jury, or the remedy at law was inadequate, then an accounting was justified. Gunn v. Brinkley Car Wks. & Mfg. Co., 66 Fed. 382, 13 C. C. A. 529; Castle Creek Water Co. v. City of Aspen, 146 Fed. 8, 76 C. C. A. 516, 8 Ann. Cas. 660.

[9] However, we find no reversible error in the refusal to formally transfer the case. Equitable defenses were authorized in this action by section 274b of the Judicial Code (Comp. St. § 1251b). While they should be heard on the equity side of the court, we find the defendant was not prejudiced, as there was the like opportunity to produce its evidence, and have an adjudication upon it, as if the transfer had been made. There was no jury, and no reference suggested or discovery sought. And where the ends of justice have been met, there is no sufficient reason to direct another trial in order to attain the same result.

Furthermore, by the above section the defendant may have a consideration of every defense, upon the writ of error by which the record comes before us.

[10] But we are convinced that there were no such complications that the cause might not have been satisfactorily tried at law and to a jury. On the plaintiff's side, the minimum royalties sued for at both mines were shown by the lease of May 20, 1909. The denial of liability was claimed by agreements and payments, and by suspension of mining due to strikes or other casualty under the terms of the lease, whereby in such case the royalties were not payable, provided all reasonable means were used to avert strikes and make repairs. The oral agreements affecting the leaseholds should have been excluded, and as well transactions pertaining to claims dismissed and other royalties and matters not in issue. There was controversy respecting payments and the object of them, and credits, and the extent of strikes and mine flooding, and diligence to continue mining, although not pleaded by the defendants. Even if at the outset the defenses seemed triable in equity, and they proved not to be so, we hold there could be no meritorious complaint of the trial. By eliminating the irrelevant evidence, we think the case presented was one of contract liability and payment, and as such properly triable at law.

[11] If it be assumed otherwise, and the facts are open to review in this court, then the rule applicable is that the findings assailed are presumptively correct, and should not be disturbed, unless error clearly appears. Lacy v. McCafferty, 215 Fed. 352, 131 C. C. A. 494. We are persuaded no such error was committed, and the conclusion of the trial court has our approval. The judgment is therefore affirmed.

Judge HOOK presided at the hearing of this case and concurred in the result, but died before the opinion was prepared.