## ARKANSAS ANTHRACITE COAL & LAND CO. v. STOKES.

(Circuit Court of Appeals, Eighth Circuit. January 3, 1922. Rehearing Denied March 4, 1922.)

No. 5577.

1. Corporations ⬡155(5).—In action for dividends, defendant may deny plaintiff's title or the declaration of dividends or plead set-off.

In an action for dividends alleged to have been declared on corporate stock, defendants may make an issue as to plaintiff's title to the stock or the declaration of dividends, or may plead a set-off or counterclaim against their liability.

2. Action ⬡24—Action for dividends properly tried at law, notwithstanding allegations of debits and credits with third person, claimed to be the owner.

An action against a corporation for dividends alleged to have been declared on stock to which plaintiff asserted title, where defendant alleged title in a third person and that there were many transactions, debits and credits, between it and such third person, necessitating an accounting, was properly tried and determined at law, as the primary issue was

whether plaintiff owned the stock, and, if she did, there was no occasion for an accounting.

In Error to the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Action by Mary A. Stokes against the Arkansas Anthracite Coal & Land Company and others. Judgment for plaintiff, and the defendant named brings error. Affirmed.

James B. McDonough, of Ft. Smith, Ark., for plaintiff in error.

Ben Cravens and Ira D. Oglesby, both of Fort Smith, Ark., and George O. Patterson, of Clarksville, Ark., for defendant in error.

Before HOOK, Circuit Judge, and COTTERAL and JOHNSON, District Judges.

COTTERAL, District Judge. This is an action at law, in which Mary A. Stokes sued the Arkansas Anthracite Coal & Land Company, the Pennsylvania Mining Company, and James K. Gearhart for annual dividends of 4 per cent. in each of the years 1916 and 1917, upon specified shares of stock in those companies. She alleged that the stock was owned by her and was largely in the hands of Gearhart, and that the said dividends had been declared, but were withheld from her, amounting to $5,232, for which she prayed judgment. There was an amendment, with some further particulars, pending a motion by the defendants.

The defendants answered, denying plaintiff's ownership of the stock, the possession by Gearhart, the declaration of the dividends, and any indebtedness to the plaintiff therefor, and alleging that the matters set forth in the complaint cover a long period; that there are many transactions and debits and credits between them; that a master should be appointed and an accounting had, on which the defendants would not be found indebted to the plaintiff. The prayer was for the transfer of the cause to the equity docket, for the said appointment and accounting, and for a discharge of the defendants.

Both parties sought to further amend the pleadings, but the requests were denied. The defendants, in their application, again moved for the transfer to the equity docket, adding that an accounting of innumerable items, etc., was necessary. Afterward the plaintiff had leave to amend, and alleged ownership of certain shares, and the right by agreement to additional shares of the coal and land company in exchange for stock of both companies, standing in the name of Gearhart, and delivered to them for reissue to her. A further judgment was asked for dividends on said stock in the sum of $2,676. The defendants were then allowed to amend their answer, by adding that the stock issued in the name of the plaintiff was the property of Fremont Stokes, that he owed the companies upon subscriptions for 70 shares of stock, in the sum of $2,100, under an agreement to apply his dividends thereon, and this was done, pursuant to resolution of the directors.

The cause was tried to the court, upon written waiver of a jury. There was no further step or request on either side prior to judg-

ment, the record of which shows that the court found the issues generally for the plaintiff as against the coal and land company, the plaintiff in error, rendered judgment in her favor against that company for $1,834, with interest and costs, and dismissed the action as to the other defendants. Motions for a new trial and a rehearing were presented and overruled, and exceptions saved.

The plaintiff in error complains here, by its assignments, that the District Court erred in (1) overruling the motion for a new trial; (2) rendering judgment for the plaintiff, and not for the defendant; (3) holding the stock in controversy belonged to the plaintiff, instead of Fremont Stokes; (4) refusing to transfer the cause to equity, and to grant plaintiff in error the equitable relief to which it was entitled.

[1, 2] We find no merit in the contention that the cause should have been transferred to the equity docket. The complaint declared at law for dividends upon corporate stock. The defendants were privileged to make an issue as to her title to the stock and the declaration of dividends; also to plead a set-off or counterclaim against their liability. 5 Stand. Ency. Proc. pp. 688, 695. However, there was no claim that the plaintiff was indebted at any time to the defendants. The debt on other stock subscriptions was asserted only on the theory that Fremont Stokes owned the stock upon which the dividends were sought. The primary issue in the case was whether the plaintiff owned that stock. There was considerable evidence which bore upon that issue, but no items of debit or credit were involved as between her and the defendants. The dispute with Fremont Stokes relative to agreements or obligations on his part required no adjustment or consideration and was immaterial to the result, when once her title to the stock was established, as nothing remained but to ascertain the true amount of dividends applicable thereto, from corporate records and proceedings. There was no occasion for an accounting as between the real owner of the stock and the defendants. We therefore hold that the case was properly tried and determined at law.

No other question raised is open to review in this court. We refer, for convenience, to the case just decided, No. 5576, Arkansas Anthracite Coal & Land Co. v. Fremont Stokes, 277 Fed. 625, for the citations and rulings which are applicable, and make clear and necessary the decision that the remaining assignments of error which challenge the findings of the trial court, the rendition of judgment, and the refusal of a new trial are quite untenable in this court.

The judgment of the district court is therefore affirmed.

Judge HOOK presided at the hearing of this case and concurred in the result, but died before the opinion was prepared.