MERCANTILE TRUST CO. v. WOOD et al.

(Circuit Court of Appeals, Eighth Circuit. February 12, 1894.)

No. 339.

1. REVIEW ON APPEAL—EXCEPTIONS.

Under Rev. St. U. S. § 700, which declares that when an issue of fact is tried by the court without a jury "the rulings of the court in the progress of the trial if excepted to at the time" may be reviewed upon appeal and that "when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment," where no requests for any declarations of law are made at the trial, and exceptions to the rulings of the court on the evidence are not taken, the only question for review on appeal is the sufficiency of the findings of fact.

2. FRAUDULENT CONVEYANCES—CHATTEL MORTGAGE—QUESTION OF FACT.

Where a chattel mortgage on a stock of goods in Iowa contains no provision allowing the mortgagor to sell, and he does sell, the goods in the usual course of trade, without accounting therefor to the mortgagee, the question whether or not such mortgage is fraudulent as to creditors is one of fact, under the decisions of the supreme court of Iowa, which the national courts follow in such a case. Jaffray v. Greenbaum, 20 N. W. 775, 64 Iowa, 492, followed.

In Error to the Circuit Court of the United States for the Southern District of Iowa.

Attachment by Richard Wood, Samuel Brown, Henry Henderson, Henry Harper, and Andrew Crow, composing the firm of Wood, Brown & Co., against the Crescent Coal Company. The Mercantile Trust Company of New York intervened, claiming the attached property under a mortgage. There was judgment against the intervener, and it brings error.

William J. Roberts (John F. Lacey, on the brief), for plaintiff in error.

Carroll Wright, for defendants in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

SANBORN, Circuit Judge. The controversy in this case was over a stock of goods that was in the possession of the Crescent Coal Company at What Cheer, in the state of Iowa. Wood, Brown & Co., the defendants in error, attached this stock February 13, 1891, on a debt of the coal company due to them. The Mercantile Trust Company, the plaintiff in error, intervened, and claimed the goods under a mortgage made to it by the coal company, dated February 1, 1890. There were two controlling issues tried. They were whether or not the mortgage covered the stock of goods, and, if so, whether or not the mortgage was fraudulent and void as to the attaching creditors. A jury was waived, and the case was tried by the court. The court found that the mortgage did not describe the goods in controversy, and that, if it did, it was fraudulent and void as against the attaching creditors, and ordered judgment in their favor. The judge filed a careful and exhaustive opinion, which covers 17 closely-printed pages of the transcript, in which he states the history of the case, the evidential facts he deems established, his ultimate conclusions from those facts, his reasons for these conclusions, and the judgment that he directs to be rendered in the case.

In their brief, counsel for plaintiff in error specified 26 supposed errors, some of fact, and others of law, based on various statements and conclusions found in this opinion. But, upon looking into the record, we find the questions they attempt to present are not material to the decision of this case. The only exceptions any of these specifications have to rest upon are four that purport to be taken "to the findings and conclusions of the court in the following respects:" First. To so much of finding of fact No. 6 as relates to the defendants' possession of and dealing in the stock of goods after the attachment and the release of the same; second, to the third conclusion of the court that the stock of goods was not included in the mortgage; third, to the fourth conclusion of the court that the mortgage was fraudulent and void as to the attaching creditors; and, fourth, to the final conclusion in favor of the attaching creditors. Section 700 of the Revised Statutes, which governs the practice in this regard in this court, provides that:

"When an issue of fact in any civil cause in a circuit court is tried and determined by the court, without the intervention of a jury, according to section 649 (which provides for the waiver of a jury and a trial by the court), the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed by the supreme court upon a writ of error or upon appeal; and when the finding is special, the review may extend to the determination of the sufficiency of the facts found to support the judgment."

The special finding referred to in this conclusion is not a report of the evidence, but it must be, like the special verdict of a jury, a finding of the ultimate facts which the evidence establishes. The only question the special finding presents that would not be presented by a general finding is whether or not, in any view, the facts found in it are sufficient to support the judgment. With the single exception of this question, which is presented by the special finding itself, there are only two methods by which questions of law can be so presented to the court that tries the facts that this court can review them by writ of error. These methods are, first, by seasonable objections and exceptions to the rulings of the court upon the admission or rejection of evidence, and, second, by requesting the court, before the trial is ended, to make declarations of law, and excepting to its refusal to do so, and to its declarations of law, if any, that do not accord with the propositions asked, in exactly the same way as instructions to a jury would be requested, and the rulings of the court giving or refusing them would be excepted to, if the trial was before a jury. The finding of the court, whether general or special, performs the office of a verdict of a jury. When it is made and filed, the trial is ended. Exceptions to the finding, or to statements of legal conclusions contained in it, or in an opinion in which it is contained, or in an opinion filed with it, avail nothing. They are as futile as exceptions to the verdict of a jury. When a case comes to this court upon a writ of error, this is a court for the correction of the errors of the court below solely. To enable us to review those errors in a case tried by the court it must appear that the legal propositions on which they rest were presented to that court and ruled upon before the trial ended, unless they are involved in the single question whether or not the facts found in a special finding are sufficient to support the judgment. It is, in the words of the statute, "the rulings of the court in the progress of the trial of the case," and these only, that we are authorized to review, unless such rulings are involved in the single question we have mentioned. Clement v. Insurance Co., 7 Blatchf. 51, 53, 54, 58, Fed. Cas. No. 2,882; Walker v. Miller, 59 Fed. 869; Bowden v. Burnham, Id. 752; Norris v. Jackson, 9 Wall. 125, 127; Insurance Co. v. Folsom, 18 Wall. 237, 249; Cooper v. Omohundro, 19 Wall. 65, 69; Martinton v. Fairbanks, 112 U. S. 670, 5 Sup. Ct. 321; Lehnen v. Dickson, 148 U. S. 71, 13 Sup. Ct. 481.

No requests for any declarations of law were made in this case, and the only question raised by the proceedings at the close of the trial is whether or not the facts found by the special finding contained in the opinion of the court are sufficient to sustain the judgment. This is not a debatable question. The mortgage in ques-

tion contained no provision that the mortgagor might sell the stock of goods in the usual course of trade, or that it would account for or pay over the proceeds of such sales or any part of them to the mortgagee, and yet, for many months before the levy of the attachment, the mortgagor had the exclusive possession and control of the stock, sold from it and replenished it by purchase, in the ordinary course of the business of a merchant, and never accounted for or paid over any part of the proceeds of the sales to the trust company. On this state of facts, the court below found that this mortgage was fraudulent as to the attaching creditors. Under this evidence, this was not a question of law, but, according to the decision of the highest judicial tribunal of the state of Iowa which governed this Iowa mortgage, this was a question of fact. Torbert v. Hayden, 11 Iowa, 435; Hughes v. Cory, 20 Iowa, 399; Sperry v. Etheridge, 63 Iowa, 543, 549, 19 N. W. 657; Jaffray v. Greenbaum, 64 Iowa, 492, 20 N. W. 775. Section 1011, Rev. St., which governs this court in this matter, provides that "there shall be no reversal in the supreme court, or in a circuit court upon a writ of error, * * * for any error in fact." We cannot, therefore, review this finding, and it must stand. Moreover, if we could, the result would not be different, for there is ample evidence in the record to sustain it. The conclusion we have reached upon this question renders it unnecessary to consider the question whether or not the stock of goods was included in the mortgage. That is now immaterial. If it was not, the judgment must stand because it was not, and, if it was, the judgment must stand because the mortgage was fraudulent. Our conclusion is that the facts found by the court were sufficient to sustain the judgment.

A single exception was taken to one of the rulings of the court in the progress of the trial, and will now be noticed. The uncontradicted testimony of the president and general manager of the coal company was that from the beginning of the year 1890 until the attachment was levied the stock of goods in question was in the exclusive possession and control of the coal company. That company during all this time, with the exception of a few months when its business was interrupted by fire, traded with this stock of goods in the usual course of business of a merchant, and never applied any of the proceeds of the sales from it, during this time, to the payment of the mortgage debt, nor in any way accounted to the mortgagee for any of these sales. The attachment on the stock was released shortly after it was levied, and a sum of money was deposited in the court in place of the goods, to abide the result of the trial of this case. In the course of his testimony, this witness testified over the objection of the plaintiff in error that the coal company kept on running the store, after the levy was released, in the same way as before. This testimony was undoubtedly immaterial, and, if it tended to establish or overthrow any material disputed fact in this case, its admission would be a reversible error. But its only tendency to prove any material fact here was to show that during the existence of the mortgage, prior to the levy, the stock of goods was left in the possession of the coal company, and traded with in

the usual course of business, without accounting for or paying over any of its proceeds to the mortgagee. That fact, however, was already established by competent and undisputed evidence, so that we are unable to see how the admission of this testimony could have in any way prejudiced the trust company, and error without prejudice is no ground for reversal. The judgment below is affirmed, with costs.