### CITIZENS' BANK OF WICHITA v. FARWELL et al.

(Circuit Court of Appeals, Eighth Circuit.· July 16, 1894.)

No. 408.

**1. GARNISHMENT—PRIORITY—FRAUDULENT CONVEYANCE.**
Under Gen. St. Kan. § 4296, authorizing the garnishment of property held under a conveyance void as to creditors, the fact that after the garnishment of such property by a creditor, another creditor, on behalf of himself and other creditors, has commenced a suit to set aside the conveyance, and for an accounting by the garnishee, does not affect the right of the former under his prior garnishment.

**2. SAME—SUFFICIENCY OF FINDINGS.**
In garnishment, findings by the court, a jury being waived, that the garnishee took possession of certain property under a mortgage void as to the creditors of the mortgagor, and purchased the same at the sale thereunder, and converted it to his own use, and that its value was a certain amount, are sufficient to sustain a judgment against the garnishee for any amount less than the value so found.

**3. WRIT OF ERROR—REVIEW OF FINDINGS.**
Under Rev. St. § 1011, providing that there shall be no reversal on a writ of error for any error in fact, the sufficiency of the evidence to sustain the findings of the court can only be presented for review by a request for a peremptory holding that on the undisputed facts the finding must be otherwise.

In Error to the Circuit Court of the United States for the District of Kansas.

Action by J. V. Farwell & Co. against the Kansas Furniture Company and garnishee, the Citizens' Bank of Wichita. For former reports, see 6 C. C. A. 24, 30, 56 Fed. 539, 570.

W. E. Stanley, for plaintiff in error.

Edwin W. Moore and Charles H. Brooks, for defendants in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAY-ER, District Judge.

SANBORN, Circuit Judge. On November 28, 1890, J. V. Farwell & Co., the defendants in error, brought an action in the court below against the Kansas Furniture Company, a corporation, and garnished the Citizens' Bank of Wichita, Kan., the plaintiff in error, under sections 4283 to 4296, inclusive, of the General Statutes of Kansas of 1889. March 5, 1891, they recovered a judgment against the furniture company.

Section 4296 of the statutes of Kansas provides that:

"From the time of the service of the summons upon the garnishee he shall stand liable to the plaintiff to the amount of the property, moneys, credits and effects in his possession or under his control, belonging to the defendant or in which he shall be interested, to the extent of his right or interest therein, and of all debts due or to become due to the defendant, except such as may be by law exempt from execution. Any property, moneys, credits and effects held by a conveyance or title, void as to the creditors of the defendant, shall be embraced in such liability."

Issue was joined between the defendants in error and the bank upon the question whether or not the latter had any property in its possession or under its control belonging to the furniture company, or in which it was interested; but the real issue was whether or not the bank held any property by any conveyances void as to creditors of the furniture company under this section. A jury was waived, and an agreed statement of a part, but of a part only, of the facts was made, and there was other evidence presented to the trial court, which is not contained in the record before us. The court made a special finding of facts, and upon it rendered judgment against the bank. But one exception was taken to any ruling of the court in the trial of the case. That ruling was that the fact that in February, 1893, another creditor of the furniture company had brought a suit in equity against the bank for himself and all other creditors who saw fit to join with him, and had exhibited a bill for an accounting concerning, and a recovery of, the same property the defendant in error sought to reach by its garnishment, was not competent or material to the issue in this case. The garnishment was made November 28, 1890. The suit in equity was commenced February 2, 1893, and the defendants in error were not parties to that suit. The fact that another creditor had subsequently brought a suit against the bank on account of the same property or liability that Farwell & Co. sought to charge in this action certainly could not affect their right to it under their prior garnishment. The statements contained in the bill were, as against Farwell & Co., nothing but hearsay. The ruling was right.

The only other question this record presents is whether, in any view, the facts found in the special finding are sufficient to support the judgment. Nor is this a fairly debatable question. The finding covers 11 pages of the printed record, and carefully sets forth the results of an accounting, and the facts relative to transactions between the bank and the furniture company, which extend over 22 months. It would serve no useful purpose to review these

facts in detail. Among other things, the court distinctly finds that on October 20, 1890, the bank took joint possession, with one Mrs. Martin, of a stock of goods of the furniture company, under two mortgages made by the latter company to them respectively, which were without any consideration, and void as to the creditors of the furniture company; that on November 24, 1890, the bank purchased at public auction under these mortgages that part of the mortgaged stock which then remained unsold, and converted it to its own use; and that the value of that remaining stock was then $12,-000. The judgment against the bank was for $11,540. This finding alone is sufficient to warrant the judgment. Moreover, we have carefully examined the finding in detail, and it shows that, if no charge is made against the bank or Mrs. Martin for the accounts uncollected August 10, 1890, concerning which counsel for the plaintiff in error chiefly complains, still there could have been nothing due on these mortgages on November 24, 1890, when the bank went through the form of purchasing the mortgaged property of itself and Mrs. Martin under the mortgages. In any view, the finding well sustains the judgment.

The other questions discussed in the briefs we are unable to reach upon the record as it is presented. This court cannot review the weight of the evidence. The agreed statement of facts in this record does not contain the statement of all the material facts on which the case was submitted. The evidence that supplemented it is not before us, so that the case cannot be treated as one submitted upon an agreed statement. The court below made its finding upon the statement and the evidence, and it must stand. Section 1011, Rev. St., which governs this court in this matter, provides that "there shall be no reversal in the supreme court or in a circuit court upon a writ of error * * * for any error in fact." No requests for any declarations of law were made to the court before the trial closed, and that court made no such declarations. No request for any declaration or holding that the evidence was insufficient to sustain a finding or judgment in favor of the defendants in error was made, and none that the court should make any other finding than that it actually did make upon any of the specific questions submitted to it. The result is that none of these questions can be considered. On a writ of error only those questions of law which were presented to and ruled upon in the court below in the trial of the case are subject to review in this court. The finding of the court, whether general or special, performs the office of the verdict of a jury. When it is made and filed, the trial is ended. Even the question whether or not the evidence is sufficient to sustain the finding can only be presented by a request for a peremptory holding that upon the undisputed facts the finding must be otherwise. Rev. St. § 700; Adkins v. Sloane, 8 C. C. A. 656, 60 Fed. 344; Id., 61 Fed. 791; Trust Co. v. Wood, 8 C. C. A. 658, 60 Fed. 346; National Bank of Commerce v. First Nat. Bank, 61 Fed. 809; Walker v. Miller, 8 C. C. A. 331, 59 Fed. 869; Bowden v. Burnham, 8 C. C. A. 248, 59 Fed. 752; Clement v. Insurance Co., 7 Blatchf. 51, 53, 54, 58, Fed. Cas. No. 2,882; Norris v. Jackson, 9 Wall. 125, 127; Insurance Co.

v. Folsom, 18 Wall. 237, 249; Cooper v. Omohundro, 19 Wall. 65, 69; Martinton v. Fairbanks, 112 U. S. 670, 5 Sup. Ct. 321; Lehnen v. Dickson, 148 U. S. 71, 13 Sup. Ct. 481.

The judgment below must be affirmed, with costs, and it is so ordered.