JONES, City Treasurer, et al. v. UNITED STATES ex rel. TOMPKINS
COUNTY NAT. BANK.

SAME v. UNITED STATES ex rel. BANGOR SAV. BANK.

(Circuit Court of Appeals, Eighth Circuit.   February 18, 1905.)

Nos. 2,021, 2,022.

1. APPEAL AND ERROR—ASSIGNMENTS OF ERROR.
    The overruling of motions to quash an alternative writ of mandamus,
    and compel relator to amend the petition, cannot be reviewed, not hav-
    ing been challenged in the assignments of error.

2. FEDERAL COURTS—SPECIAL FINDINGS.
    The making of special findings by a federal Circuit Court on waiver
    of a jury, and the effect thereof, is governed by Rev. St. §§ 649, 700 [U.
    S. Comp. St. 1901, pp. 525, 570], and not by state statutes.

In Error to the Circuit Court of the United States for the District
of Nebraska.

The Tompkins County National Bank of Ithaca, N. Y., and the Bangor
Savings Bank of Bangor, Me., having recovered judgments in the Circuit
Court of the United States for the District of Nebraska against the city of
Beatrice, Neb., upon certain municipal bonds and coupons, instituted pro-
ceedings in mandamus against the treasurer, mayor, and council of the
city to enforce the application thereon of funds in the city treasury and the
levy and collection of taxes for the payment of the then remaining deficiency.
The proceedings resulted in the issue of peremptory writs of mandamus, and
the respondents have prosecuted writs of error to this court. The two cases
are so similar in their essential features that they may be considered to-
gether.

Melvin B. Davis, for plaintiffs in error.
Chester B. Masslich, for defendants in error.

Before SANBORN, VAN DEVANTER, and HOOK, Circuit
Judges.

HOOK, Circuit Judge, after stating the case as above, delivered
the opinion of the court.

The plaintiffs in error excepted to the orders of the trial court
overruling their motions to quash the alternative writs of man-
damus and to compel the relators to amend their petitions in certain
particulars, but the exceptions are unavailing.   Even were the
action of the court erroneous, which does not appear, it has not
been challenged in the assignments of error.

Aside from the foregoing the record discloses no exceptions what-
ever on the part of the plaintiffs in error.   No bill of exceptions
was preserved, and consequently the rulings of the court during
the progress of the trial are not shown.   No request was made
for any specific declarations of law.   No legal propositions appli-
cable to the case or any particular phase of it were formulated
by plaintiffs in error and presented to the trial court for its ruling
thereon.   They took no exceptions to the special findings of fact
or to the judgments which were rendered upon them.   It is obvious,
therefore, that the proper scope of review by this court is within
a very narrow compass.   Mercantile Trust Co. v. Wood, 60 Fed.

346, 8 C. C. A. 658; Hooven etc. Co. v. Featherstone's Sons, 111 Fed. 81, 49 C. C. A. 229; Kirk v. United States, 163 U. S. 49, 56, 16 Sup. Ct. 911, 41 L. Ed. 66. It is limited to the single question whether the judgments of the trial court are supported by the special findings upon which they are respectively predicated.

Complaint is made that the trial court did not make a finding of fact as to the character of some of the bonds which became merged in the judgments, and that it did not specially state certain conclusions of law in accordance with the civil practice act of Nebraska. The making of special findings by a Circuit Court of the United States upon a waiver of a jury, and the effect thereof, are governed by the acts of Congress (Rev. St. §§ 649, 700 [U. S. Comp. St. 1901, pp. 525, 570]), and not by the statutes of a state. Nor was the action of the court in that particular the proper subject of an exception. Insurance Co. v. Folsom, 18 Wall. 237, 253, 21 L. Ed. 827.

The only questions which challenge attention upon a consideration of the sufficiency of the facts found and stated by the trial court to justify the relief finally awarded are whether it appears that before the proceedings were instituted and the alternative writs were issued a demand was made by the relators upon the municipal authorities to apply the funds then in the city treasury upon the judgments and to levy a tax for the deficiency, and, if not made upon them, then whether such demand was necessary or should be held to have been dispensed with in view of the attitude of the latter against paying the judgments under any circumstances. It is sufficient to say that these matters are disposed of adversely to the plaintiffs in error by what was said by this court in United States v. Saunders, 124 Fed. 124, 59 C. C. A. 394.

The judgments of the Circuit Court are affirmed.