## WEAR v. IMPERIAL WINDOW GLASS CO.

(Circuit Court of Appeals, Eighth Circuit. May 21, 1915.)

### No. 4316.

*(Syllabus by the Court.)*

1. APPEAL AND ERROR ⬤⟹1012—REVIEW—FINDINGS OF FACT—ACTION AT LAW —"ERROR OF FACT."

When an action at law is tried without a jury by a federal court, and it makes a general or a special finding of facts, the act of Congress forbids a reversal by the appellate court of that finding, or of the judgment based thereon, "for any error of fact" (Rev. St. § 1011 [U. S. Comp. St. 1913, § 1672, p. 700]), and a finding of fact contrary to the weight of the evidence is an error of fact.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3990–3992; Dec. Dig. ⬤⟹1012.

For other definitions, see Words and Phrases, First and Second Series, Error of Fact.]

---

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2.** APPEAL AND ERROR ☞237—PRESENTING QUESTIONS BELOW—WANT OF EVIDENCE TO SUSTAIN FINDINGS.

The question of law whether or not there was any substantial evidence to sustain such a finding is reviewable, as in a trial by jury, only when a request or a motion is made, denied, and excepted to, or some other like action is taken, which fairly presents that question to the trial court and secures its ruling thereon before the close of the trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1302½; Dec. Dig. ☞237.]

**3.** APPEAL AND ERROR ☞273—EXCEPTIONS—NECESSITY AND SUFFICIENCY.

An exception to any ruling which counsel desire to review, which sharply calls the attention of the trial court to the specific error alleged, is indispensable to a review of such a ruling.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1590, 1606, 1620–1623, 1625–1630, 1764; Dec. Dig. ☞273.]

In Error to the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Action by the Imperial Window Glass Company against Frank E. Wear. Judgment for plaintiff, and defendant brings error. Affirmed.

The plaintiff below, the Imperial Window Glass Company, a corporation of the state of West Virginia, sued F. E. Wear, a citizen and resident of the state of Missouri, for a balance of $4,037.77 due it on account of the sale and delivery to him of window glass, office furniture, and fixtures. The defendant answered that the plaintiff had failed to comply with certain provisions of the statutes of Missouri relative to foreign corporations doing business in the state of Missouri, and that the plaintiff, at the time it sold and delivered to the defendant the property for which the action was brought, was violating the anti-trust statutes of the United States and of the states of West Virginia and Missouri, and that the property was sold and delivered to him in furtherance of the violation thereof. The defendant further answered that the plaintiff was indebted to him in the sum of about $18,000 on a contract between them for commissions which he had earned selling window glass pursuant to the contract, and prayed for judgment in his favor upon this counterclaim. The plaintiff replied, first, that it never complied with the laws of Missouri mentioned in the answer, but that it was engaged solely in conducting interstate business, that it had an office in Missouri in furtherance of that business and for no other purpose, and that it was not amenable to the laws of Missouri governing the rights of foreign corporations doing business in that state; second, that, although the plaintiff may have been at certain times engaged in business in violation of the anti-trust laws cited in the complaint, the sales of property for payment of which this action was brought were not in any manner connected with or made in furtherance thereof, but were wholly collateral thereto, and were not in violation of any of these laws; and, third, that the plaintiff never made any contract to pay the defendant the commissions which he demands in his counterclaim, and, if it did, that contract grew out of and was based upon an unlawful agreement and combination in violation of the anti-trust laws.

The case was tried by the court without a jury. At the close of the evidence Mr. Stanford, one of the attorneys for the plaintiff, said: "If your honor please, there is just one thing we ask: That your honor make findings of fact and conclusions of law." The court replied: "Of course, I can indicate now what I find, and I suppose, in order to protect the interest of the parties, it may be understood that the entry will be withheld, until such findings, in accordance with the findings of the court, may be prepared. But I think it probably better that I indicate, in a general way, what my findings are. It may be that I will overlook some matters, but I will state them, in a general way, for the guidance of counsel." The court then proceeded to state orally some of the findings it intended to make. It then said: "I do not know but

there may be some other matters that will be found necessary and proper to incorporate in the findings, and I make these, not formally, but as an indication to counsel what my findings are. I further find that the amount due under the petition is the amount prayed for therein and itemized as by agreement of parties, using that term advisedly, although, of course, it is not agreed by the parties that any amount is due, in the sense of being recoverable. I do not think of anything else. Has counsel any suggestions to make further as to any material matter that should be found by the court? If not, it may be suggested by suggestions from counsel in support of the findings." Thereupon a discussion followed about the date of a certain plea an account of which occupies a page of the printed transcript, and the court then, overruled the demurrer to the evidence of the plaintiff, which had been interposed at the close of the plaintiff's evidence, and which the court had held under consideration while the defendant was introducing his evidence, and then made remarks on the law and the facts of the case which occupy a page of the printed transcript. At the close of these remarks the following colloquy occurred between the court and counsel for the defendant:

"Mr. Cooper: Do we understand there will be formal findings of fact and conclusions of law filed?

"The Court: If it is desired, that can be done. If this is desired, and you can get together as to what they should be, as evidencing your various theories, I will O. K. them; otherwise, I shall have to see which of them I shall accept.

"Mr. Neel: For the benefit of the record, we want it to show that we save our exceptions to the remarks, and any conclusions the court may make.

"The Court: I have made these remarks informally, and in that case let the transcript of what I have said be made and submitted to me, and I will see that it accords with my views.

"To which remarks and conclusions of the court the defendant, by his counsel, excepted and still excepts."

These proceedings at the trial were had in February, 1914. No special finding of the facts was thereafter filed, but on April 4, 1914, the court made a general finding in these words: "The court, being fully advised in the premises, finds all the issues herein joined in favor of the plaintiff and against the defendant, and finds that there is due the plaintiff from the defendant upon the account sued on and set forth in plaintiff's petition, the sum of $4,764.56," and it then rendered a judgment against the defendant for that amount. The defendant's assignment of errors contains three, and only three, specifications. These specifications are in the same words, except that in the second the words "defendant's answer," and in the third the words "defendant's counterclaim," appear where the words "plaintiff's petition" appear in the first specification, which reads in this way:

"(1) The trial court erred in finding the issues on plaintiff's petition in favor of the plaintiff and against the defendant, for the reason that the evidence and the law did not justify it, and that same is not in accordance with the evidence and the law in the case, but is contrary thereto."

E. A. Neel, of Kansas City, Mo. (Hadley, Cooper & Neel, of Kansas City, Mo., on the brief), for plaintiff in error.

T. H. Stanford, of Independence, Kan. (G. T. Stanford, of Independence, Kan., on the brief), for defendant in error.

Before SANBORN and HOOK, Circuit Judges, and AMIDON, District Judge.

SANBORN, Circuit Judge (after stating the facts as above). [1] This case was argued and submitted on the supposition that there were exceptions to rulings of the court below upon questions of law and an assignment of errors which presented some legal question to this court for review, but a reading of the record and the briefs subsequently disclosed the fact that this was a mistake. The only question the speci-

fications of error attempt to present is whether or not the evidence, which is conflicting, sustains the finding and judgment of the court. They invite this court, in other words, to retry this case and to determine whether or not under the applicable law the weight of the evidence sustains the finding and judgment. But the case was tried by the court below without a jury, and its decision of that issue is not reviewable in this court. It is, like the verdict of a jury, assailable only on the ground that there was no substantial evidence in support of it, and then it is reviewable only when a request has been made to the trial court before the close of the trial that it adjudge, on the specific ground that there was no substantial evidence to sustain any other conclusion, either all the issues or some specific issue in favor of the requesting party. No such request was made in this case, and the specifications of error, therefore, present no question reviewable by this court. When an action at law is tried without a jury by a federal court, and it makes a general finding, or a special finding of facts, the act of Congress forbids a reversal by the appellate court of that finding, or the judgment thereon, "for any error of fact" (Revised Statutes, § 1011 [U. S. Comp. Stat. 1913, § 1672, p. 700]), and a finding of fact contrary to the weight of the evidence is an error of fact.

[2] The question of law whether or not there was any substantial evidence to sustain any such finding is reviewable, as in a trial by jury, only when a request or a motion is made, denied, and excepted to, or some other like action is taken which fairly presents that question to the trial court and secures its ruling thereon during the trial. United States Fidelity & Guaranty Co. v. Board of Com'rs, 145 Fed. 144, 150, 151, 76 C. C. A. 114, 120, 121, and cases there cited; Mercantile Trust Co. v. Wood, 60 Fed. 346, 348, 349, 8 C. C. A. 658, 660, 661; Barnard v. Randle, 110 Fed. 906, 909, 49 C. C. A. 177, 180; Barnsdall v. Waltemeyer, 142 Fed. 415, 417, 73 C. C. A. 515, 517; Bell v. Union Pacific R. Co., 194 Fed. 366, 368, 114 C. C. A. 326, 328; Seep v. Ferris-Haggarty Copper Min. Co., 201 Fed. 893, 894, 895, 896, 120 C. C. A. 191, 192, 193, 194; Pennsylvania Casualty Co. v. Whiteway, 210 Fed. 782, 784, 127 C. C. A. 332, 334.

[3] There is another reason why no reviewable question of law is presented to this court in this case. A trial court is entitled to a clear specification by exception of any ruling or rulings which a party challenges and desires to review, to the end that the trial court itself may correct them if so advised, and, if it fails to do so, that there may be a clear record of the rulings and the challenges thereof. For this purpose a rule has been firmly established that an exception to any ruling which counsel desire to review, which sharply calls the attention of the trial court to the specific error alleged, is indispensable to the review of such a ruling. Block v. Darling, 140 U. S. 234, 11 Sup. Ct. 832, 35 L. Ed. 476; Webb v. National Bank of Republic, 146 Fed. 717, 719, 77 C. C. A. 143; Union Pacific R. R. Co. v. Thomas, 152 Fed. 365, 372, 81 C. C. A. 491, 498; Armour Packing Co. v. United States, 153 Fed. 1, 16, 82 C. C. A. 135, 150, 14 L. R. A. (N. S.) 400. The only exceptions taken by counsel for defendant that might possibly have related, in their mind, to any ruling of the court below on any question of law

which they discussed in this case, are those set out in the foregoing statement, which were taken at the conclusion of the trial court's oral statement of its intended finding of facts and opinion. They are so general, indefinite, and clearly insufficient to sustain any right to a review of any ruling of the court below in this case that it would be useless to discuss them, because they fail to point out to or to inform the court below of any specific ruling he has made, or would in the future make, that counsel claim was or would be erroneous. They amount to nothing more than a statement that the defendant excepted to everything that the court had said and done, and to everything that it might thereafter say and do, in the trial of the case, or the entry of judgment therein.

Because no exceptions were taken and no specifications of error were made in this case, which present to this court for review any questions of law discussed by counsel in this case, the judgment below is affirmed.