## HAYNES AUTOMOBILE CO. v. KANSAS CASUALTY & SURETY CO.

(Circuit Court of Appeals, Eighth Circuit.   October 21, 1919.)

### No. 5366.

APPEAL AND ERROR ⊸499(1), 501(1)—RECORD OF OBJECTIONS AND EXCEPTIONS
TO PRESENT QUESTION FOR REVIEW.

The Circuit Court of Appeals is exclusively a court for the review of
errors of law made in an action at law, and a record of an objection and
exception to any rulings, where the case is tried to the court, is ordinarily
indispensable to a review.

In Error to the District Court of the United States for the District
of Kansas; John C. Pollock, Judge.

Action by the Haynes Automobile Company against the Kansas
Casualty & Surety Company. Judgment for defendant, and plaintiff
brings error. Affirmed.

Conrad Wolf, of Kokomo, Ind. (Earl B. Barnes, of Kokomo, Ind.,
and S. B. Amidon and S. A. Buckland, both of Wichita, Kan., on the
brief), for plaintiff in error.

Fred Stanley, of Wichita, Kan. (C. C. Stanley, Benjamin F. Hegler,
and George Siefkin, all of Wichita, Kan., on the brief), for defendant
in error.

Before SANBORN, Circuit Judge, and MUNGER and YOU-
MANS, District Judges.

SANBORN, Circuit Judge. On February 19, 1915, the Haynes Au-
tomobile Company, a corporation, engaged in the manufacture and sale
of Haynes cars, made an agreement with G. A. Jones that the latter
should have the exclusive right to sell Haynes automobiles in the west-
ern part of Missouri and should receive 27½ per cent. discount from
the list price on all cars taken by him under the conditions of the con-
tract, that the company would keep on the floor of its Kansas City
branch, of which Jones was to have charge, nine new Haynes cars,
that the title and ownership of all cars consigned to Jones should at all
times be in the company until fully paid for by him, that Jones would
promptly pay for the cars consigned to him as he sold them, and that
the contract should continue in force from its date until June 30, 1915.
This contract contained many other provisions immaterial to the dis-
position of this case. The Kansas Casualty & Surety Company gave
its bond to the Haynes Company in the sum of $20,000, conditioned
that Jones should comply with and carry out in good faith all the terms
of this contract. On June 30, 1915, the Haynes Company and Jones
made another contract whereby they agreed that the former contract
with immaterial modifications should continue in force until June 30,
1916, and the Kansas Company made another bond in the sum of $13,-
000 for the faithful performance by Jones of the contract during its
extension. Jones sold several automobiles consigned to him by the
Haynes Company, for which he did not pay, and thereby became in-
debted to it in the sum of $7,964.52.

⊸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The Haynes Company brought this action against the Kansas Company upon its bonds to recover this amount and interest. The Kansas Company, among other defenses, pleaded that it was not liable for this indebtedness of Jones, because the automobiles on account of which it was incurred were not consigned to Jones under the provisions of the contract that the title to them should remain in the Haynes Company until they were respectively sold, and that Jones should promptly pay for each of them as it was sold, but were delivered to him pursuant to a subsequent modification of the contract, agreed to by the Haynes Company and Jones, of which the Kansas Company had no notice pursuant to which these automobiles were sold to Jones on credit and under an agreement that he should pay for them, not promptly when each of them was sold, but when he had money to his credit sufficient to do so, and when he notified the Haynes Company of that fact, and that these modifications of the contracts were the cause of Jones' indebtedness and the plaintiff's loss. A jury was waived, and the case was tried by the court, which found that the defenses set forth above were sustained by the evidence, and rendered a judgment in favor of the Kansas Company.

The Haynes Company has assigned ten alleged errors in the trial of this case. But the record discloses no objection or exception to any ruling or proposed ruling of the court below, no request or motion for any judgment for the plaintiff on the ground that there was no substantial evidence in support of the defense which the court below found to be proved, or for any declaration of law to that effect, or to any other effect. Since in an action at law this is exclusively a court for the review of errors of law of the court below, and a record of an objection and exception to any ruling on evidence or an exception to the refusal of a request for a ruling or declaration of law denied is ordinarily indispensable to a review by this court, there is nothing in the record or briefs in this case to require the consideration or decision of any question by this court. Wear v. Imperial Window Glass Co., 224 Fed. 60, 63, 139 C. C. A. 622, 625, and cases there cited.

Notwithstanding this fact, the court has examined the record and learned that the only important question of law in this case that might have been presented for review was whether or not there was any substantial evidence to sustain the finding of the court, and in order to be certain that no injustice results to the plaintiff in error, has attentively listened to the arguments of counsel, read their briefs and the evidence, and become convinced that there was such evidence before the court below, and that there was no error in the trial of this case.

Let the judgment below be affirmed.