# CASES

## ARGUED AND DETERMINED

IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS, THE DISTRICT COURTS, AND THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA

---

### UNITED STATES v. ATCHISON, T. & S. F. RY. CO.

(Circuit Court of Appeals, Eighth Circuit. January 12, 1921.)

No. 5495.

1. **Witnesses ☞269(9)—Cross-examination as to matter not testified to on direct examination properly excluded.**

 In an action for statutory penalties under the Hours of Service Act (Comp. St. §§ 8677–8679), where a witness testified regarding delay of a train on January 4 and 5, a cross-question as to tying up crews on January 11 was properly excluded.

2. **Master and servant ☞13—Finding held not to authorize penalty under Hours of Service Act.**

 In an action for penalties under Hours of Service Act (Comp. St. §§ 8677–8679), where the court found specially that the delays on account of which the employés were detained in service were caused by unavoidable accidents, which were the results of causes not known to the carrier or its officers or agents at the time they left the terminals, that such causes and accidents could not have been foreseen, that the detention on duty was caused wholly by those accidents, and could not have been avoided by the exercise of reasonable diligence after the respective accidents, the findings supported a judgment for defendant.

3. **Appeal and error ☞237(6)—Existence of substantial evidence not reviewable, without motion, ruling, or exception.**

 Under Rev. St. § 1011 (Comp. St. § 1672), prohibiting reversals on writs of error for errors of fact, the question whether there is substantial evidence to support the judgment or finding in a case tried without a jury is not reviewable, where there was no motion raising that question at the trial, ruling thereon, or exception to the ruling.

4. **Appeal and error ☞969—Trial ☞388(2)—Action regarding special findings discretionary, and not reviewable.**

 In an action at law, tried by the court on waiver of a jury, the making of special findings is discretionary, and the court's action in making such findings, refusing to make requested findings, or refusing to amend findings made, is not subject to review.

5. **Appeal and error ☞969—Rulings on requests for findings, after filing of findings, discretionary, and not reviewable.**

 Where no requests for findings, or for modifications of findings, were made until subsequent to the close of the trial, it was too late, after

---

the court had filed its findings and its conclusion that judgment must be entered for defendant, to except to the rulings on the issues tried, and subsequent requests' and rulings were discretionary, and not subject to review.,

6. **Appeal and error** ☞733—**Specifications that court erred in entering judgment are too indefinite.**

General specifications that the court erred in entering judgment for defendant, or in failing to enter it for plaintiff, upon specified counts, but setting forth no specific issues of law or rulings thereon excepted to, which conditioned the entries or refusals to enter, are too indefinite for review.

In Error to the District Court of the United States for the District of New Mexico; Colin Neblett, Judge.

Action by the United States against the Atchison, Topeka & Santa Fé Railway Company. Judgment for defendant, and the United States brings error. Affirmed.

Roscoe F. Walter, Sp. Asst. U. S. Atty., of Washington, D. C. (Summers Burkhart, U. S. Atty., of Albuquerque, N. M., and J. O. Seth, Asst. U. S. Atty., of Santa Fé, N. M., on the brief), for the United States.

William C. Reid, of Albuquerque, N. M., and Gardiner Lathrop, of Chicago, Ill. (James L. Coleman and Emmet Trainor, both of Chicago, Ill., on the brief), for defendant in error.

Before SANBORN and CARLAND, Circuit Judges, and MUNGER, District Judge.

SANBORN, Circuit Judge. The United States brought this action at law against the defendant railway company in 15 counts, to recover 15 penalties of $500 each, for requiring 5 of its employés on each of three trains to remain on duty continuously for more than 16 hours, in violation of the Hours of Service Act of March 4, 1907, 34 Stat. 1415, 1416, 1417 (U. S. Comp. Stat. §§ 8677, 8678, and 8679). The defendant answered that the detention in each case was caused by an unavoidable accident, which was not and could not have been foreseen; that such accident caused a delay that was the result of a cause which was not known and could not have been foreseen by it, or its officers or agents in charge of the employés at the time the latter left the terminal. The parties to the action waived a jury; the case was tried by the court, which made special findings of facts, and rendered a judgment for the defendant. The plaintiff assigned 52 alleged errors, but an examination thereof discloses the fact that the assignment presents only 2—Nos. 24 and 34—which challenge any ruling reviewable by an appellate federal court.

[1] No. 24 charges error in sustaining the objection to a cross-question addressed to F. L. Myers, superintendent of the defendant, who on his direct examination had testified regarding the accident and delay of the train with engine No. 1655, which left Las Vegas at 11 :45 p. m. on January 4, 1917, and arrived a Albuquerque on January 5, 1917. This was the train whose delay resulted in the alleged violation of the

act of Congress set forth in the first 5 counts of the complaint. The cross-question was:

"Now, in regard to tying up crews at Lamy: Did you not, on January 11th, tie up Rathburn, engineer, Hayes, engineer at 9:10 p. m.?"

To this question counsel for the defendant objected on the ground that—

"That is a different transaction; different circumstances; would compel us to go into an entirely different case."

No questions had been asked this witness on his direct examination, nor had he testified, about any transaction on January 11th, and it is too clear for discussion or comment that the court committed no error not to permit the plaintiff to enter upon the trial of such a second and different transaction.

[2] The thirty-fourth specification of error is:

"The court erred in entering judgment for the defendant because the facts found do not support the judgment."

But among the facts found by the court below and set down in its special findings were these: That the delays of the three trains on account of which the employés were detained in service more than 16 consecutive hours were caused by unavoidable accidents, which were the results of causes not known to the carrier or its officers or agents in charge of the employés at the times they respectively left the terminals; that these causes and accidents could not have been foreseen; that the detention of these employés on these trains on duty more than 16 hours was caused wholly by these accidents; and that the keeping of them on duty for more than 16 consecutive hours could not have been avoided by the defendant by the exercise of reasonable diligence after the respective accidents. It is clear that the facts thus found would have been fatal to any judgment for the plaintiff, and they are not insufficient to sustain the judgment for the defendant. The other alleged errors which counsel for the United States assign and discuss relate to matters not reviewable by this court in this case.

[3] The question whether or not the evidence was sufficient to sustain the special findings of facts, or any of them, or the judgment itself is not reviewable because:

"When an action at law is tried without a jury by a federal court, and it makes a general finding, or a special finding of facts, the act of Congress forbids a reversal by the appellate court of that finding, or the judgment thereon, 'for any error of fact' (Rev. St. § 1011, U. S. Comp. St. 1913, § 1672, p. 700), and a finding of fact contrary to the weight of the evidence is an error of fact. The question of law whether or not there was any substantial evidence to sustain any such finding is reviewable, as in a trial by jury, only when a request or a motion is made, denied, and excepted to, or some other like action is taken which fairly presents that question to the trial court and secures its ruling thereon during the trial. * * * An exception to any ruling which counsel desire to review, which sharply calls the attention of the trial court to the specific error alleged, is indispensable to the review of such a ruling." Wear v. Imperial Window Glass Co., 224 Fed. 60, 63, 139 C. C. A. 622, 625, and cases there cited; Mercantile Trust Co. v. Wood et al., 60 Fed. 346, 348, 8 C. C. A. 658.

In this case no request or motion was made to the court below, nor was any similar action had to present to that court the question of law whether or not there was any substantial evidence to support a judgment or finding for the defendant, nor was any ruling made on that issue or exception to the ruling taken before the trial closed.

[4] The making of special findings of facts in an action at law tried by the court on a waiver of a jury is discretionary with the trial court, and its action in making such findings, in refusing to make requested findings, or in refusing to amend findings made, is not subject to exception, or to a subsequent review in a federal appellate court. City of Key West v. Baer, 66 Fed. 440, 444, 13 C. C. A. 572; Berwind-White Coal Min. Co. v. Martin, 124 Fed. 313, 60 C. C. A. 27; Ætna Life Ins. Co. v. Board of County Commissioners of Hamilton County, 79 Fed. 575, 576, 25 C. C. A. 94.

[5] Again, the trial ended in this case when, after full hearing and submission of the issues of fact and law on January 24, 1919, the court, after consideration on January 28, 1919, filed its findings of fact and its conclusion that judgment must be entered for the defendant. After that filing it was too late to take exceptions to rulings of the court on the issues tried, and no requests for findings or for modifications of findings were made by the plaintiff until subsequent to the close of the trial. Such subsequent requests and rulings thereon are, like motions for new trials after verdicts and the rulings thereon, discretionary with the trial court, and are not subject to review in the federal appellate courts. Tyng v. Grinnell, Collector, 92 U. S. 467, 469, 23 L. Ed. 733; United States Fidelity & Guaranty Co. v. Board of Com'rs of Woodson County, Kan., 145 Fed. 144, 151, 76 C. C. A. 114, 121.

[6] General specifications that the court erred in entering a judgment in favor of the defendant, or in failing to enter it for the plaintiff, upon specified counts of the complaint, but which set forth no specific issues of law, or rulings thereon excepted to, which conditioned the entries or refusals to enter, are too indefinite to present anything for consideration here, and are futile. Mercantile Trust Co. v. Wood et al., 60 Fed. 346, 348, 8 C. C. A. 658, 660; United States Fidelity & Guaranty Co. v. Board of Com'rs of Woodson County, Kan., 145 Fed. 144, 150, 76 C. C. A. 114; Webb et al. v. National Bank of Republic of Chicago, 146 Fed. 717, 718, 719, 77 C. C. A. 143, 144, 145; Morris et al. v. Canda, 80 Fed. 739, 26 C. C. A. 128.

Let the judgment below be affirmed.