### GARTNER v. HAYS et al.

(Circuit Court of Appeals, Eighth Circuit. May 4, 1921.)

No. 5544.

1. **Appeal and error 500(2)—Assignment of error in ruling not shown by record presents no question for review.**

   Alleged error in the overruling of plaintiff's motion for judgment in his favor on the pleadings presents no question for review, where the record discloses no order or ruling on that motion.

2. **Appeal and error 731(2)—Specification that the court erred in making specified findings of fact insufficient.**

   A specification that the trial court erred in making designated findings of fact does not present any question of law for review.

3. **Appeal and error 750(7)—Specification that court erred in conclusions of law questions only sufficiency of findings to support conclusions.**

   A specification that the court below erred in its conclusions of law presents only the question whether the court's findings of fact sustain its legal conclusions.

4. **Appeal and error 733—Specification that court erred in rendering judgment for what it did, instead of judgment for larger amount, is too general.**

   A specification that the court erred in rendering its judgment for the plaintiff for the amount stated therein, when it should have rendered judgment for a much larger amount, is too general and indefinite a statement to present any reviewable ruling to an appellate court.

In Error to the District Court of the United States for the District of Kansas; Frank A. Youmans, Judge.

Action by George Gartner against Eliza J. Hays and others. Judgment for the plaintiff for only a small portion of the amount claimed, and plaintiff brings error. Affirmed.

Chester Stevens, of Independence, Kan. (Thomas E. Wagstaff, of Independence, Kan., on the brief), for plaintiff in error.

Claud J. Bryant, of Independence, Kan., and H. L. McCune, of Kansas City, Mo. (Thomas H. Stanford, of Independence, Kan., on the brief), for defendants in error.

Before SANBORN and STONE, Circuit Judges, and TRIEBER, District Judge.

SANBORN, Circuit Judge. George Gartner, the plaintiff below and here, the alleged owner of about 600 acres of land in the state of

Oklahoma, brought an action at law against the Kansas Oil & Gas Company, a corporation, and others, to recover $42,375 which he alleged they owed him on account of their occupation and use of parts of these lands in prospecting for and mining gas and oil therefrom. The defendants below answered that they did not owe the plaintiff more than $666. The parties waived a jury, and the case was tried by the court, which made special findings of fact and rendered a judgment in favor of the plaintiff for $738.75 and interest from February 16, 1917.

[1, 2] Counsel for the plaintiff sued out a writ of error, counsel for the respective parties prepared their briefs and argued the case, but when the court came to examine the record it discoverd that it presented no reviewable ruling. The first alleged error is the overruling of the motion of the plaintiff for judgment in his favor on the pleadings, but the record discloses no order or ruling on that motion. The second specification is:

"That the United States District Court for the District of Kansas, Third Division, erred in making finding No. 1 of the findings of fact, duly made in said cause on the 21st day of May, 1919."

Specifications 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12 allege in like terms errors in special findings 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11, respectively. None of these specifications present any question of law for review, for the reasons stated in United States v. Atchison, Topeka & Santa Fé Ry. Co., 270 Fed. 1, wherein the opinion of this court was filed on January 12, 1921. To the same effect are Wear v. Imperial Window Glass Co. (8th C. C. A.) 224 Fed. 60, 63, 139 C. C. A. 622, and cases there cited; Mercantile Trust Co. v. Wood et al. (8th C. C. A.) 60 Fed. 346, 8 C. C. A. 658.

[3] The thirteenth specification is that the court below erred in its conclusions of law. But this charge presents nothing but the question whether or not the court's findings of fact sustain its legal conclusions, and upon examination it is clear that there is no escape from the conclusion that, if the findings of fact are correct, the conclusions of law are right.

[4] The fourteenth and last specification is that the court erred in rendering its judgment for $738.75 and interest, when it should have rendered it for $48,264 and costs. But this charge was too general and indefinite a statement to present any reviewable ruling to an appellate court.

The judgment below must be affirmed; and it is so ordered.