## PAUCHET v. BUJAC.

(Circuit Court of Appeals, Eighth Circuit. June 19, 1922.)

No. 5702.

I. Trial ⬠419—Exception waived by subsequent introduction of evidence.

An exception by defendant to the overruling of a motion for dismissal at the close of plaintiff's evidence is waived by the subsequent introduction of evidence by defendant.

2. Appeal and error ⬠959(1)—Pleading ⬠236(3)—Allowance of amendments to pleadings not reviewable.

The allowance or refusal of amendments to pleadings during trial rests in the discretion of the trial court, and its ruling is not reviewable in the appellate court.

⬠For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. **Appeal and error ⬒684(2)—Refusal of continuance held not reviewable.**

Refusal of a continuance asked during the trial to take the deposition of a witness on a new issue introduced by amendment is not reviewable, where it does not appear what the testimony of the witness would have been.

4. **Appeal and error ⬒237(6), 242(2)—No review of evidence in trial to court, in absence of motion and ruling thereon.**

The question of law whether or not there is any substantial evidence to sustain the findings in an action tried by stipulation without a jury is reviewable only when a motion was made or some other like action taken which fairly presented that question to the trial court and exception was duly taken to its ruling.

5. **Appeal and error ⬒544(1)—Bill of exceptions essential to review of rulings on motions.**

In actions at law in the federal courts a bill of exceptions, stating the ruling and exception, settled and signed by the trial judge, is indispensable to a review of rulings on motions, oral or written.

6. **Attorney and client ⬒134(1)—Right to compensation for services rendered before discharge.**

Where plaintiff was employed as an attorney by defendant to resist the appointment of an administrator, but pending the proceedings was discharged by defendant who joined in asking such appointment, the fact that plaintiff continued to contest the appointment on behalf of other parties for whom he was also attorney *held* not to deprive him of the right to compensation for services rendered before his discharge.

In Error to the District Court of the United States for the District of New Mexico; Colin Neblett, Judge.

Action at law by Etienne de P. Bujac against Bertha Pauchet. Judgment for plaintiff, and defendant brings error. Affirmed.

Charles S. Thomas, of Denver, Colo. (Neill B. Field and Milton J. Helmick, both of Albuquerque, N. M., and George K. Thomas, of Denver, Colo., on the brief), for plaintiff in error.

Francis E. Wood, of Albuquerque, N. M. (Owen N. Marron, of Albuquerque, N. M., on the brief), for defendant in error.

Before CARLAND, Circuit Judge, and YOUMANS and JOHNSON, District Judges.

JOHNSON, District Judge. It is alleged in the complaint, in substance, that the defendant (plaintiff in error) retained and employed the plaintiff (defendant in error), an attorney at law, and authorized him as her agent and attorney to protect her interests in the estate of her mother, Mathilda Cardoner, deceased, and to take all proper action to prevent one Joseph R. Wilson from securing letters of administration upon and possession of the property of said estate. It is alleged that plaintiff, pursuant to said employment, rendered services for the defendant as an attorney and as her agent in protecting her interests in said estate and in opposing the efforts of the said Wilson to obtain letters of administration upon said estate, and to secure possession of the estate without giving bond, and that in the performance of said services he made certain expenditures of money for her use and benefit. It is alleged that as the agent of said defendant he employed Charles R. Bryce and Francis E. Wood, practicing attorneys,

who, associated with him, rendered services for the said defendant in said matter and made certain advances of money for her benefit; that the said Bryce and Wood each, before the commencement of the action, assigned his claim and account against the defendant to the plaintiff. Judgment is prayed against the defendant for the reasonable value of said services, and for the recovery of the moneys advanced and paid out for her benefit.

The defendant in her answer in substance alleged that the plaintiff by correspondence represented to her that it was to her interest to oppose the appointment of said Wilson as executor of the last will of her mother; that believing and relying upon these representations of the plaintiff, she authorized him to act as her attorney and to take steps to prevent the appointment of Wilson as such executor, but she denied that she authorized the plaintiff to employ associate counsel to assist him in said matter. She alleged that the plaintiff, after having been authorized to act as her attorney, caused her to join in the petition theretofore filed by other persons asking the appointment of plaintiff as administrator with the will annexed of said estate and opposing the appointment of said Wilson as executor of said estate; she alleged that she never authorized the plaintiff to apply for the appointment of himself as administrator with the will annexed or to join with other persons in such application.

She alleged that it was in fact never to her interest to oppose the appointment of Wilson; that there was never any legal ground for opposing his appointment; that the said Wilson, during the course of said proceedings, voluntarily executed a bond as executor of said estate, and that if there had previously existed any cause to believe that it was to her interest to resist his appointment, which the defendant denied, the execution of said bond removed such cause; that having become dissatisfied with the course of the plaintiff as her attorney, she employed other counsel and advised plaintiff that she no longer wished to oppose the appointment of Wilson as executor of her mother's estate; that the said plaintiff, designing and intending to secure for himself the benefits and emoluments accruing to the administrator with the will annexed of said estate, refused to discontinue opposition to the appointment of said Wilson as executor and continued to insist upon his own appointment as such executor, and is still so insisting, over the objection and contrary to the wishes of the defendant; that the said Bryce and Wood, plaintiff's assignors, have joined with the plaintiff in his acts of hostility to the interest of the defendant and in disregard of her directions to discontinue opposition to the appointment of said Wilson as executor.

The plaintiff filed a reply in which he admitted that he advised the defendant that the said Wilson was not a proper person to be executor of her mother's will or to be intrusted with the control of the estate, and that his appointment as executor should be opposed. He denied that his representations induced the defendant to employ him to oppose the appointment of Wilson as executor, and alleged that she was moved to oppose Wilson's appointment by information received from her mother prior to her death. He alleged that, being a creditor him-

self of the estate, he requested other creditors to join with him in opposing the appointment of said Wilson as executor for the purpose of safeguarding the interests of the defendant; that the fact that he had applied for his own appointment as administrator, and had joined with other creditors of the estate in asking for his own appointment, and in opposing the appointment of Wilson, and the fact that he had employed associate counsel, were communicated to and known by defendant, and by her subsequent agents and representatives, all of whom, with full knowledge, ratified and approved plaintiff's said acts, and, for a time, directed plaintiff and his associates to continue to prosecute the said proceedings; that later the defendant directed the plaintiff to discontinue the proceedings in opposition to the appointment of said Wilson as executor; that her request was acceded to and the proceedings as to her were subsequently dismissed by her substituted counsel. It is alleged that thereafter the plaintiff continued to prosecute the proceedings, asking the appointment of the plaintiff as administrator with the will annexed of said estate, and opposing the appointment of said Wilson as executor at the request and direction of the creditors by whom the proceedings had been originally instituted.

The suit was tried by the court without a jury. The court made special findings and gave judgment for the plaintiff. Defendant brings error to this court.

[1] At the conclusion of plaintiff's evidence the defendant moved the court for a dismissal of the action, on the ground that the evidence was insufficient to support a judgment in plaintiff's favor. This motion was overruled, and exception taken, and the defendant has assigned the ruling as error. As the defendant introduced evidence after the court had overruled her motion for a dismissal of the action, the exception was waived, and cannot be considered by this court. International Lumber Co. v. United States, 231 Fed. 873, 146 C. C. A. 69.

[2] During the progress of the trial the plaintiff was permitted to file an amended reply, over the objection and exception of the defendant.

"The question of the allowance or refusal of amendments to the pleadings is one resting in the discretion of the trial court, and is not reviewable in this court." Philip Schneider Brewing Co. v. American Ice Mach. Co., 77 Fed. 138, 23 C. C. A. 89.

[3] Complaint is made that the court erred in refusing to grant a continuance, so as to permit the deposition of a witness to be taken to meet what is claimed to have been a change in the issues by the allowance of the amendment above referred to. This assignment must be overruled, because it does not appear what the witness would have testified to. Dundee Petroleum Co. v. Clay (C. C. A.) 267 Fed. 145. And, besides, no exception was taken by the defendant to the ruling complained of.

[4] The defendant has assigned as error that—

"The court erred in overruling defendant's motion for judgment made and filed at the close of the whole case, which said motion renewed the motion made by defendant at the close of plaintiff's case, and stated additional grounds. To which action of the court defendant duly excepted."

Much the larger part of defendant's brief is devoted to a discussion of this assignment. It appears in the bill of exceptions found in the record that the defendant did renew her motion for a dismissal of the action at the close of the evidence, but it does not appear that there was any ruling thereon and exception taken. Upon this state of the record the assignment must be disallowed. It is well-settled practice that the question of law whether or not there is any substantial evidence to sustain the findings of the trial court is reviewable only when a request or a motion is made, denied, and excepted to, or some other like action is taken, which fairly presents that question to the trial court and secures its ruling thereon during the trial. Wear v. Imperial Window Glass Co., 224 Fed. 60, 139 C. C. A. 622. This statement of the law has been many times repeated and applied by this court. Mason v. United States, 219 Fed. 547, 135 C. C. A. 315; Haynes Automobile Co. v. Kansas Casualty & Surety Co., 261 Fed. 347; United States v. Atchison, T. '& S. F. Ry. Co., 270 Fed. 1; McClay v. Fleming, 271 Fed. 472; Northrup Nat. Bank v. Title Guaranty & Surety Co., 271 Fed. 952; Gartner v. Hays, 272 Fed. 896.

[5] There is printed in the record a copy of a document filed with the clerk purporting to be a written motion of the defendant, made at the close of all the testimony, for a dismissal of the action on the ground of the insufficiency of the evidence to support a judgment in plaintiff's favor. Following this motion in the printed record is what purports to be a copy of an order, signed by the judge, overruling and denying the motion, with an exception by the defendant noted thereon. It is claimed by the defendant that these two documents constitute a bill of exceptions, which should be treated as supplementing the duly authenticated bill appearing in the record, and that they authorize this court to review the evidence under the assignment above quoted. We cannot concede this contention.

"It is a familiar and an established rule of practice of the federal courts that in actions at law a bill of exceptions, stating the ruling and the exception, settled and signed by the trial judge, is indispensable to the review of rulings upon motions, oral or written." Chicago Great Western R. Co. v. Le Valley, 233 Fed. 384, 147 C. C. A. 320.

The papers above mentioned were never settled and allowed as a bill of exceptions, nor authenticated by the trial judge as such, and, in addition to these defects, they contradict the certificate of the trial judge which is attached to the authenticated bill in the record. That certificate recites that the bill of exceptions to which it is attached contains all the evidence and all other proceedings had at the trial of the cause. The assignment of error based upon these unauthenticated documents printed in the record cannot be considered.

The assignments of error based upon the alleged refusal of the trial court to make requested findings which appear in the printed record outside of the bill of exceptions must also be disregarded and for the same reasons. The defendant could not possibly have been prejudiced by the rulings of the court in the admission and exclusion of testimony, and for that reason the assignments of error based upon such rulings do not call for and will not be given further notice.

[6] There remains for consideration the assignments of error, presented in various ways, to the effect that the judgment is not supported by the special findings of the trial court. The court found, substantially, as alleged in plaintiff's reply, that the plaintiff and his associate Wood (Bryce having withdrawn as counsel)—

"acting in plaintiff's own behalf as a creditor of the estate and also at the request and by the directions of J. A. Reidy, one of the creditors, who was one of the original parties to the proceedings instituted to oppose Wilson's appointment and procure the appointment of a creditor to administer upon the estate, continued the proceedings in the district court to final judgment therein, and, the said judgment being adverse, thereafter duly took and perfected an appeal from the same to the Supreme Court of New Mexico, and are still prosecuting said appeal."

It is the contention of the defendant that the plaintiff was bound, the moment he learned that the defendant did not seek a common end with Reidy, to cease opposition to the defendant's wishes, or forfeit all right to compensation for past services. The relation of attorney and client has always been regarded as one of special trust and confidence. Loyalty to the interest of his client is not only the highest duty of an attorney, but it is an inescapable obligation. Stieglitz v. Settle (Cal. App.) 195 Pac. 705; Peirce v. Palmer, 31 R. I. 432, 77 Atl. 201, Ann. Cas. 1912B, 181; In re Boone (C. C.) 83 Fed. 944.

It is clear that the contention of the defendant would be sound, if it did not appear from the findings that the plaintiff and his associates represented other parties to this litigation besides the defendant. The court finds that the proceedings were instituted by other creditors of the estate; that the defendant retained the plaintiff and authorized him as her attorney to take all proper steps necessary to prevent the appointment of Wilson as executor of said estate; that in pursuance of his employment the plaintiff joined the defendant as a party with himself and other creditors in the proceedings theretofore instituted for the purpose of opposing Wilson's appointment; that thereafter, and while the proceedings were still pending, the defendant changed her mind and decided not to further oppose Wilson's appointment as executor, but decided on the contrary to unite with him in seeking his appointment, and thereupon she discharged plaintiff and his associates and employed other counsel by whom she was dismissed from the proceedings. The duty which the plaintiff owed the defendant at this time must be determined by the obligation which he was under to his client or clients who instituted and still remained in the proceedings.

The court has found:

That the proceedings were continued "at the request and by the direction of J. A. Reidy, one of the creditors, who was one of the original parties to the proceedings instituted to oppose Wilson's appointment and procure the appointment of a creditor to administer upon the estate."

The court also found:

"That the acts of the plaintiff and Francis E. Wood, in continuing the proceedings in the District Court, after the withdrawal of the defendant and her dismissal of them as her representatives was in furtherance of their employment for that purpose by the aforesaid J. A. Reidy, a creditor * * *

and the plaintiff and his associates at all times, both before and after their dismissal, acted in good faith."

If, as the court in effect found, the plaintiff continued to prosecute the proceedings at the direction of Reidy, a creditor and an original party to the proceedings, in good faith, because of the obligation he was under to do so by virtue of his employment by Reidy, then in doing so neither he nor his associates forfeited the right to compensation for the services theretofore rendered by them in behalf of the defendant at her request.

Counsel for the defendant strenuously maintain that the findings of the trial court which we have been considering are without support in the evidence, but, as we have seen, that question is not before us for review.

We find no error in the record, and the judgment is affirmed.